# EXHIBIT 1

JONATHAN JACKEL (129146)
NORA ROUSSO (150275)
ROUSSO & JACKEL
116 E. Campbell Ave., Suite 2
Campbell, California 95008

Telephone: (408) 378-3200
Facsimile: (408) 378-3202

Attorneys for Plaintiff
MARCIANO TOPETE

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/07/2017 at 03:27:49 PM
Clerk of the Superior Court
By Veronica Corral, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MARCIANO TOPETE,<br><br>   Plaintiff,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada Corporation, doing business as RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1 through 20, inclusive,<br><br>   Defendants. | Judge Frederick P. Horn<br><br>CASE NO. 30-2017-00930423-CU-OE-CJC<br><br>COMPLAINT FOR DAMAGES<br><br>(Failure to Pay Overtime Wages, Failure to Provide Meal and Rest Periods, Failure to Provide Accurate Itemized Wage Statements, Violation of Labor Code Section 203, and Unfair Business Practices) |

Plaintiff alleges:

**THE PARTIES**

1.  Plaintiff MARCIANO TOPETE ("plaintiff") was at all times mentioned herein a resident of Orange County, California.

2.  Defendant RED ROBIN INTERNATIONAL, INC. ("defendant") is a Nevada Corporation. Defendant did business as RED ROBIN BURGER AND SPIRITS EMPORIUMS at all times herein in Orange County, California, where it employed plaintiff.

3.  Plaintiffs is unaware of the true names or the capacities of defendants named as DOES 1 through 20, and each of them, inclusive, and sues said defendants herein under such fictitious names. Plaintiff prays for leave of court to amend this complaint when the true names and

1 capacities of said defendants are ascertained. Plaintiff is informed and believes and on that basis
2 alleges that each of the fictitiously named defendants are responsible in some way for the acts
3 alleged herein.
4     4.    Each of the defendants, both named and fictitiously named, conspired together
5 and/or have acted as agents for one other in committing the acts alleged herein.
6     5.    Venue is proper in Orange County, California, by virtue of the employment
7 of plaintiff by defendant in Orange County, California.

## GENERAL ALLEGATIONS

9     6.    Defendant is in the restaurant business, serving food and alcoholic beverages to
10 customers in Irvine, California, where plaintiff was employed from in or about November of 2010
11 until he was terminated on or about May 10, 2017.
12     7.    Plaintiff was employed as a "kitchen manager" in defendant's Irvine restaurant
13 staring in 2010.
14     8.    Plaintiff's duties as a "kitchen manager" included ordering products and supplies,
15 taking inventory, making sure the temperature is taken of food, checking sanitation, running food,
16 checking on guests, cooking, making sure that food is put on trays for the servers, counting food and
17 supplies, determining what food and supplies are need for the rest of the day, and washing dishes.
18 These are "non-exempt" duties that are regularly performed by hourly employees. None of these
19 duties involve the management of the restaurant or the management of other employees. Plaintiff
20 spent more than half of his work hours performing these "non-exempt" duties.
21     9.    Defendant improperly classified plaintiff as an "exempt" employee. He was not
22 paid by the hour. Instead, he was paid a salary, despite the fact that he spent more than half of his
23 time performing "non-exempt" duties.
24     10.    Plaintiff worked for defendant an average of 55 hours per week. Plaintiff always
25 worked more than eight hours per day and often worked more than 12 hours in a day. Defendant
26 never paid plaintiff the premium pay that is required for hours exceeding eight in a day, 12 in a day,
27 or 40 in a week.
28     11.    For hours worked in excess of eight in a day, the overtime rate is one and a half

1 | times the regular rate. Plaintiff's weekly salary was $1,340.40, making his hourly rate equal to $33.51, and the premium for overtime equal to $50.27 per hour.

12. For hours worked in excess of 12 in a day, the over time rate is two times the regular rate, making the premium for these hours equal to $67.02 per hour.

13. Plaintiff should have been paid an additional $754.04 or more for his overtime hours each week that he worked for defendant.

14. Plaintiff was not provided uninterrupted duty free rest or meal breaks during his employment with defendant.

15. The wages statement defendant provided to plaintiff were inaccurate, in violation of applicable law.

16. Defendant failed to pay all wages owed to plaintiff upon his termination.

### FIRST CAUSE OF ACTION

**(Violation of California Labor Code Section 510 - Failure to Pay Overtime Wages)**

17. Plaintiff realleges each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.

18. California Labor Code Section 510, applicable at all relevant times herein to Plaintiff's employment with defendant, requires that non-exempt employees be paid overtime based on one and a half times their regular rate for all hours exceeding eight in a day and forty in a week. It also requires that non-exempt employees be paid two times their regular rate for all hours exceeding twelve in a day.

19. Defendant improperly misclassified plaintiff as a "non-exempt" manager in order to avoid paying him overtime wages.

20. Defendant knowingly and willfully failed to pay overtime wages to plaintiff for the hours that he worked in excess of eight in a day and forty in a week.

21. California Labor Code Section 1194 states that employees who are not paid overtime owed to them are entitled to recover the full amount of the overtime compensation owed in a civil action.

22. Defendant has failed and refused and continues to fail and refuse to pay plaintiff the overtime compensation owed to him.

23. As a direct and proximate result of defendant's failure to pay overtime compensation, plaintiff is entitled to damages in an amount to be proven.

24. Pursuant to Labor Code Section 1194, plaintiff is also entitled to accrued interest, reasonable attorneys' fees and costs of suit.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

## SECOND CAUSE OF ACTION

**(Liquidated damages pursuant to California Labor Code Section 1194.2)**

25. Plaintiff realleges each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff brings this cause of action under Labor Code Section 1194.2 to recover liquidated damages because defendant did not pay plaintiff minimum wages for the hours worked in excess of eight hours in a day and 40 hours in a week.

27. By reason of the above, plaintiff is entitled to liquidated damages based on the wages owed for all hours worked in excess of eight in a day and 40 in a week pursuant to Labor Code Section 1194.2 in an amount to be proven.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

## THIRD CAUSE OF ACTION

**(Failure to Provide Meal and Rest Breaks - California Labor Code Section 226.7)**

28. Plaintiff realleges each and every allegation contained in paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff regularly worked over five (5) hours per shift; thus, he was entitled to one uninterrupted duty-free meal period of not less than thirty (30) minutes per shift.

30. Nevertheless, Plaintiff was regularly denied and/or not provided with such meal periods by defendant, notwithstanding the fact that plaintiffs did not waive his right to the same.

31. Plaintiff consistently worked over four (4) hours per shift and, therefore, was entitled to an uninterrupted duty-free rest period of not less than ten (10) minutes for each 4 hours worked per day.

32. Nevertheless, plaintiff was regularly denied and/or not provided with such rest periods by defendant.

33. Plaintiff is entitled to damages pursuant to Labor Code Section 226.7(b), in the amount of one (1) additional hour of pay at his regular rate of compensation for each work day that an uninterrupted duty-free meal was not provided, in an amount to be proven.

34. Plaintiff is entitled to damages pursuant to Labor Code Section 226.7(b), in the amount of one (1) additional hour of pay at his regular rate of compensation for each work day that an uninterrupted duty-free paid rest period was not provided, in an amount to be proven.

35. Plaintiff is entitled to pre-judgment interest on all amounts recovered herein, along with reasonable attorneys' fees and costs pursuant to Labor Code Section 226.7.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

### FOURTH CAUSE OF ACTION

("Waiting Time" Penalties - California Labor Code Section 203.)

36. Plaintiff realleges each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37. Defendant failed to comply with Labor Code Section 201, by failing to pay all wages owed to plaintiff immediately after it discharged him from his employment.

38. California Labor Code Section 203 imposes a civil penalty equivalent up to 30 days' wages if the employer willfully fails to comply with Labor Code Sections 201 and 202.

39. As of this date defendant has failed and refused, and continues to fail and refuse to pay the amount due, thus making it liable to plaintiff for penalties equal to thirty (30) days wages.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Itemized Wage Statements - California Labor Code Section 226)**

40. Plaintiff realleges each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements, including, but not limited to, an accurate and current statement of all rates for all regular and overtime hours worked during the pay period, a complete and itemized statement of deductions, net wages earned, the dates for which payment is made, all applicable piece rates, and the current address and name of the employer.

42. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50.00 for the first inadequate wage statement and $100.00 for each inadequate statement thereafter.

43. During the course of plaintiff's employment, defendant consistently failed to provide plaintiff with accurate and complete wage statements as required by California Labor Code Section 226.

44. Defendant failed to provide accurate and complete wage statements willfully and with full knowledge of its obligations under California Labor Code Section 226.

45. Defendant's failure to provide such accurate and complete wage statements has caused injury to plaintiff.

46. Plaintiff is entitled to damages caused by plaintiff's failure to provide accurate and complete wage statements in an amount to be proven.

47. Plaintiff has incurred costs and attorneys' fees in bringing this action and is entitled to recover such costs and fees under California Labor Code Section 226.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

## SIXTH CAUSE OF ACTION

**(Violation of Unfair Competition Law - Business and Professions Code Section 17200, et. seq.)**

48. Plaintiff realleges each and every allegation contained in paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff's employment with defendant was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which requires all employers to pay employees minimum wages and overtime for work exceeding eight hours per day and forty hours per week, unless specifically exempted by law. Plaintiff's employment with defendant was not exempt.

50. As plaintiff's employer, defendant was subject to the California Unfair Competition Law, codified as California Business and Professions Code Section 17200 et seq. Defendant violated this law by failing to pay plaintiff overtime compensation as required by the applicable California Labor Code Sections and Wage Orders. This gave defendant a competitive advantage over other employers and businesses with whom defendant was in competition and who were in compliance with the law.

51. As a direct and proximate result of defendant's failure to comply with the applicable California Labor Code Section and wage orders, plaintiff was illegally deprived of the overtime compensation owed to him and is entitled to restitution of such wages and compensation pursuant to California Business and Professions Code Section 17203 in an amount to be proven.

WHEREFORE, plaintiff prays for relief against defendant as set forth below.

ON THE FIRST CAUSE OF ACTION:

1. For compensatory damages in an amount to be proven at trial;

ON THE SECOND CAUSE OF ACTION:

2. For liquidated damages in an amount to be proven at trial;

ON THE THIRD CAUSE OF ACTION:

3. For compensatory damages in an amount to be proven at trial;

ON THE FOURTH CAUSE OF ACTION

4. For civil penalties in an amount to be proven;

ON THE FIFTH CAUSE OF ACTION

5. For civil penalties in an amount to be proven;

ON THE SIXTH CAUSE OF ACTION:

6. For restitution in an amount to be proven;

ON ALL CAUSES OF ACTION:

7. For interest at the maximum legal rate;

8. For costs and attorney fees in this action; and

9. For such further and other relief as the Court deems proper.

ROUSSO & JACKEL

Dated: 7-7-17      By: _____
                        JONATHAN JACKEL
                        Attorneys for Plaintiff

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JONATHAN JACKEL (Bar No. 129146)<br>NORA ROUSSO (Bar No. 150275)<br>Rousso & Jackel, Inc.<br>116 E. Campbell Ave., Suite 2, Campbell, CA 95008<br>TELEPHONE NO.: (408) 378-3200  FAX NO.: (408) 378-3202<br>ATTORNEY FOR *(Name)*: Plaintiff MARCIANO TOPETE | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**07/07/2017** at 03:27:49 PM<br>Clerk of the Superior Court<br>By Veronica Corral, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Dr. West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Central Justice Center

CASE NAME:
MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 30-2017-00930423-CU-OE-CJC |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Frederick P. Horn<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: SIX (6)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2017
Jonathan Jackel
(TYPE OR PRINT NAME)                                   ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                                **CIVIL CASE COVER SHEET**                                Page 2 of 2

# SUPERIOR COURT OF CALIFORNIA

ORANGE

700 W. Civic Center DRIVE

Santa Ana , CA 92702

(657) 622-6878

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2017-00930423-CU-OE-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. Frederick P. Horn | Central Justice Center | C31 | (657) 622-6878 |
| **Hearing:** | **Date:** | **Time:** | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  07/10/2017

_Veronica Corral_____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT