1   LONNIE D. GIAMELA, SBN 228435
    lgiamela@fisherphillips.com
2   SEAN F. DALEY, SBN 272493
    sdaley@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile: (213) 330-4501

6   Attorneys for Defendant
    RED ROBIN INTERNATIONAL, INC.
7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  MARCIANO TOPETE,                    Case No:  8:17-cv-01721 AG (JDEx)
                                        *[Originally Orange County Superior
12              Plaintiff,              Court Case No.: 30-2017-00930423-CU-
                                        OE-CJC]*
13       v.

14  RED ROBIN INTERNATIONAL,            **SEPARATE STATEMENT OF**
    INC., a Nevada Corporation, doing   **UNCONTROVERTED FACTS AND**
15  business as RED ROBIN BURGER        **CONCLUSIONS OF LAW IN**
    AND SPIRITS EMPORIUMS, and          **SUPPORT OF DEFENDANT RED**
16  DOES 1 through 20, inclusive,       **ROBIN INTERNATIONAL, INC.'S**
                                        **MOTION FOR PARTIAL**
17              Defendants.             **SUMMARY JUDGMENT**

18                                      *[Filed Concurrently with Notice of*
                                        *Motion and Motion, Memorandum of*
19                                      *Points and Authorities, Declarations of*
                                        *Sean F. Daley, Appendix of Exhibits in*
20                                      *support thereof, [Proposed] Order] and*
                                        *[Proposed] Judgment*
21

22                                      Date:        August 20, 2018
                                        Time:        10:00 a.m.
23                                      Location:    Courtroom 10D
                                                     411 West Fourth Street
24                                                   Santa Ana, California
25

26                                      Complaint Filed:  July 7, 2017
                                        FAC Filed:        July 27, 2017
27                                      Trial Date:       October 2, 2018

28

---

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FPDOCS 34317783.1

In accordance with Local Rule 56-1, Defendant RED ROBIN INTERNATIONAL, INC. ("Red Robin") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its accompanying Notice of Motion and Motion for Partial Summary Judgment of the specified claims and issues raised in the First Amended Complaint (Docket No. 1-2) of Plaintiff MARCIANO TOPETE ("Plaintiff"):

## UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

**Noticed Issue No. 1**: Whether Plaintiff's Fourth Cause of Action for "waiting time" penalties pursuant to California Labor Code section 203 fails as a matter of law because Red Robin had a good faith belief in Plaintiff's exempt status as a Kitchen Manager of Red Robin's Irvine restaurant and Plaintiff is unable to demonstrate that Red Robin willfully failed to pay all wages to Plaintiff upon discharge.

| RED ROBIN'S UNCONTROVERTED MATERIAL FACTS | EVIDENCE IN SUPPORT OF RED ROBIN'S UNCONTROVERTED MATERIAL FACTS |
|---|---|
| 1. The Irvine, California restaurant is comprised of a management team that consists of a Regional Operations Director ("ROD"), who oversees several restaurants within a specified geographical region, and a General Manager ("GM") who is ultimately responsible for the day-to-day operations of the entire restaurant. | Declaration of Sean F. Daley ("Daley Decl."), at ¶ 5; Exhibit A, relevant excerpts and exhibits from the first volume of Plaintiff's deposition on April 30, 2018, p. 134:3-21, attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment.

Daley Decl., at ¶ 7; Exhibit D, relevant excerpts and exhibits from Adin Philleo's deposition on May 2, 2018, p. 7:3-9, attached to Red |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FPDOCS 34317783.1

| | |
|---|---|
| | Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. |
| 2.  During the relevant period related to Plaintiff's employment, Rebecca Bailey was one of the RODs for the Irvine location and Adin Philleo was one of the GMs. | Daley Decl., at ¶ 5; Exhibit A, p. 134:3-21. <br><br> Daley Decl., at ¶ 7; Exhibit D, p. 7:3-9. |
| 3.  Each restaurant also has a Kitchen Manager, who is ultimately expected to be in charge of all kitchen operations | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11. <br><br> Daley Decl., at ¶ 6; Exhibit B, relevant excerpts and exhibits from the second volume of Plaintiff's deposition on June 22, 2018, p. 289:22-290:7, Exhibit 15 (HOH Shift Mechanics), attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. <br><br> Daley Decl., at ¶ 7; Exhibit C, relevant excerpts and exhibits from Rebecca Bailey's deposition on May 2, 2018, p. 40:4-42:13, 77:22-79:13, attached to Red Robin's Appendix of Evidence in support of Motion for |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| | Partial Summary Judgment. |
| | Daley Decl., at ¶ 7; Exhibit D, p. 27:4-12; 60:19-61:12. |
| | Daley Decl., at ¶ 8; Exhibit E, relevant excerpts and exhibits from Karin Davie's deposition on May 4, 2018, p. 33:15-34:6; 59:12-61:12; 94:3-98:25, attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. |
| 4. The Kitchen Manager is expected to supervise the "heart of house" ("HOH") employees, which included cooks, expediters, and dishwashers, as well as all other restaurant employees when the Kitchen Manager is the manager on duty for the shift he or she works. | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.

Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).

Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.

Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FPDOCS 34317783.1

| | |
|---|---|
| 5. Pursuant to Red Robin's job description for the Kitchen Manager position, a Kitchen Manager is expected to "[s]upport and ensure that the restaurant operates within Red Robin International guidelines, while meeting/exceeding sales and profitability objections." | Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job Description). |
| 6. Pursuant to the job description, a Kitchen Manager is also expected to be "[r]esponsible for the proper execution and operation of the kitchen department, including all hiring/training of assistant kitchen managers and hourly team." | Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job Description). |
| 7. Pursuant to the job description, a Kitchen Manager's essential functions demonstrating Red Robin's expectations that he or she perform management duties include, but are not limited to, the following:<br>    - Effectively and efficiently manage restaurant . . .;<br>    - Manage day to day operations during scheduled shifts that | Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job Description). |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

include daily decision making, Team Member support, Guest interaction, scheduling, planning while upholding standards, product quality and cleanliness;

- Optimize profit by scheduling labor efficiently and ordering food and supplies to maintain appropriate inventory . . .;

- Increase sales by ensuring Guest satisfaction and prompt problem resolution;

- Responsible for the selection, on boarding and retention of Team Members through motivation, recognition, coaching and development;

- Responsibly delegate and follow up on tasks while remaining accountable overall for kitchen and Team Members;

- Ensure [HOH] team avoid cross contamination, improper food handling and/or storage practices, etc., through proper training and supervision;

- Set performance expectations

| | |
|---|---|
| and monitor training process to ensure quality of training;<br><br>- Prepare and conduct performance appraisals and one to ones within assigned department and take any necessary disciplinary action in line with Company standards;<br><br>- Directly supervise 40-60 ["front of house" (FOH)/HOH] employees, and 2-5 trainers per shift. | |
| 8. Red Robin expects that Kitchen Managers perform these duties and oversee their shifts, typically as the primary manager on duty for the entire restaurant. | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12- |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| | 61:12; 94:3-98:25. |
| 9. Kitchen Managers are not expected to spend any significant amount of time performing tasks that hourly employees are expected to perform ("Spends _**limited**_ time performing all [FOH/HOH] functions including food preparation, cooking, cleaning, serving and greeting Guests."). | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 42:6:44:9; 46:4-22<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12; 62:2-4; 76:8-23<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 10. Plaintiff was hired and began working as a Kitchen Manager in Training in or around June 24, 2008. | Daley Decl., at ¶ 5; Exhibit A, p. 30:22-31:2 |
| 11. During the period of time relevant to Plaintiff's claims in the instant | Daley Decl., at ¶ 5; Exhibit A, p. 65:14-66:13 |

7

| | |
|---|---|
| matter, Plaintiff was the Kitchen Manager of Red Robin's Irvine restaurant. | |
| 12. At the time of his termination, Plaintiff was earning a salary in the high $60,000 range per year plus quarterly bonuses. | Daley Decl., at ¶ 6; Exhibit B, p. 210:15-211:2<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 23:9-17<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 59:15-16. |
| 13. The primary task Plaintiff was expected to perform as a Kitchen Manager was to oversee the shifts he worked and ensure that the kitchen runs smoothly. | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 14. Plaintiff frequently was the primary manager on duty for the | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| restaurant when he worked, which meant that he was expected to not only be responsible for overseeing the kitchen, but also supervising all restaurant employees and the operations of the entire restaurant. | Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 15. As a result, Plaintiff would be managing and directing the work of both the FOH employees (i.e. servers, hosts) as well as the HOH employees (i.e. cooks, expediters, dishwashers) during his shift. | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 16. As a Kitchen Manager, Plaintiff | Daley Decl., at ¶ 5; Exhibit A, p. |

9

| | |
|---|---|
| was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Supervising, directing and coaching HOH (and FOH employees when he was primary manager on duty, which he regularly was) in the execution of their duties, including making notes about hourly employee performance in the Irvine restaurant's Action Log and having Ready, Set, Go meetings with hourly employees prior to the start of a shift. | 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 17. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>-Walking throughout the restaurant to evaluate employee performance, customer satisfaction, and the overall | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 106:25-108:7; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 145:4-16. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| operation of the restaurant. | Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 18.As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>-Inspecting and evaluating food to ensure quality and uniformity, including performing a line check prior to the start of the shift. | Daley Decl., at ¶ 5; Exhibit A, p. 90:8-92:1; 142:17-19; 169:18-21<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 235:19-237:6; 279:22-280:4; 281:2-19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 43:6-8; 58:12-13<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 30:6-8.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| | 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 19. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following: -Visiting guest tables to ensure quality service. | Daley Decl., at ¶ 6; Exhibit B, p. 263:10-15; 264:2-17.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 79:6-10.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 14:13-21; 30:14-15; 51:1-52:9. |
| 20. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following: -Monitoring employee compliance with various Red Robin policies, such as meal period policies, rest break policies, and food safety and sanitation policies. | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 106:25-108:7; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19; 145:4-16; 169:18-21.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 279:22-280:4; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19- |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| | 61:12. |
| | Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 21. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following: -Ensuring the health and safety policies for the kitchen and the entire restaurant were followed. | Daley Decl., at ¶ 5; Exhibit A, p. 159:23-160:5. Daley Decl., at ¶ 6; Exhibit B, p. 261:4-15; 267:21-268:1. Daley Decl., at ¶ 7; Exhibit C, p. 79:14-16. Daley Decl., at ¶ 7; Exhibit D, p. 45:23-46:3. Daley Decl., at ¶ 8; Exhibit E, p. 60:2-24; 95:7. |
| 22. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following: -Ensuring the kitchen was properly staffed, monitoring | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16-95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| labor costs, and phasing employees as necessary. | Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. |
| 23. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>　　-Recommending employees for hiring and firing. | Daley Decl., at ¶ 5; Exhibit A, p. 117:1-119:11; 136:16-137:5.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 49:17-20; 56:7-16<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 86:24-87:25.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:19-20; 38:24-39:25. |
| 24. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>　　-Training employees. | Daley Decl., at ¶ 5; Exhibit A, p. 128:6-129:6.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 50:5-12 |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| | Daley Decl., at ¶ 8; Exhibit E, p. 40:9-41:16; 71:25-72:7. |
| 25. Plaintiff acknowledged that as a Kitchen Manager he was expected to perform these managerial duties, although for some he disputes he actually did perform them "[b]ecause there was not enough time in the day." | Daley Decl., at ¶ 5; Exhibit A, p. 115:24, 143:20-21, 175:3-4. |
| 26. Plaintiff, like all other salaried managers, was expected to use his managerial and supervisory authority to run the shift by supervising, directing and coaching not only the HOH employees, but also the FOH employees as he was normally the manager on duty during the morning shifts he was scheduled to work. | Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 27. This necessarily included the | Daley Decl., at ¶ 5; Exhibit A, p. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | |
|---|---|
| authority to make decisions on behalf of Red Robin and the Irvine restaurant with respect to, for example, customer complaints, service problems, or food quality issues. | 66:21-67:6; 90:8-92:1; 94:16-95:7; 104:7-11, 106:4-6; 106:25-108:7; 145:4-16; 115:17-116:25; 142:17-19; 169:18-21.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 279:22-280:4; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 28. Plaintiff also was expected to exercise his independent judgment and discretion with respect to managing inventory and ordering food and supplies for the kitchen. | Daley Decl., at ¶ 5; Exhibit A, p. 85:2-4; 137:12-14, 139:1-14.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 58:4-9; 58:10-11<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 28:21-29:1; 29:2-3. |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

FPDOCS 34317783.1

| | Daley Decl., at ¶ 8; Exhibit E, p. 33:24; 46:2-22; 46:23-48:25 |
|---|---|
| 29. Plaintiff's authority also extended to kitchen staffing as he was expected to be primarily responsible for interviewing and hiring kitchen staff (i.e. cooks, expediters, dishwashers). | Daley Decl., at ¶ 5; Exhibit A, p. 117:1-119:11; 136:16-137:5.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 49:17-20; 56:7-16<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 86:24-87:25.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:19-20; 38:24-39:25. |
| 30. Plaintiff was also expected to discipline HOH employees (and had the authority to discipline FOH employees as well) by verbal coaching or issuing write-ups. | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12. |

17

| | |
|---|---|
| | Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. |
| 31.Plaintiff also was expected to control staffing levels at the restaurant. | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16-95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. |
| 32.Plaintiff was expected to create the weekly schedules for the HOH employees and determine the number of HOH employees needed | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 96:11-12; 113:15-17.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. |

18

| | |
|---|---|
| for each shift. | 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19; 163:10-164:7. |
| 33. If the restaurant was slow, for instance, Plaintiff was expected to exercise his managerial discretion to "phase" (cut a shift short of what was scheduled) employees. | Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16-95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. |
| 34. Red Robin was not on notice that Plaintiff was deviating from Red Robin's expectation that Plaintiff's | Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13-209:24; 235:13-18; 278:16-18. |

19

| | |
|---|---|
| primary duty as a Kitchen Manager was to perform managerial duties concerning the kitchen, supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently. | Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. |
| 35. Plaintiff never complained to human resources that he was spending significant amounts of time on non-managerial tasks despite having complained about two other employment-related issues in the past. | Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13-209:24; 235:13-18; 278:16-18.  Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. |
| 36. Plaintiff also never complained to any governmental agency that he was spending significant amounts of time on non-managerial tasks. | Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13-209:24; 235:13-18; 278:16-18. |
| 37. Likewise, no other employee indicated to Red Robin that Plaintiff was spending most of his time on non-managerial tasks. | Daley Decl., at ¶ 7; Exhibit C, p. 42:6-44:9; 46:4-22  Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. |
| 38. In fact, Plaintiff's supervisor, the Irvine GM, as well as the Irvine restaurant's ROD, both believed that Plaintiff's primary duties were to perform managerial duties | Daley Decl., at ¶ 7; Exhibit C, p. 42:6-44:9; 46:4-22  Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4; 76:8-23 |

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FPDOCS 34317783.1

| | concerning the kitchen, supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently, and neither of them observed him spending most of his time on non-managerial tasks. | |
|---|---|---|

**Noticed Issue No. 2**: Whether Plaintiff's Second Cause of Action for violation of the federal Fair Labor Standards Act ("FLSA") can extend beyond a two-year statute of limitations period as a matter of law if there is no evidence of any willful violations of the FLSA by Red Robin.

| RED ROBIN'S UNCONTROVERTED MATERIAL FACTS | EVIDENCE IN SUPPORT OF RED ROBIN'S UNCONTROVERTED MATERIAL FACTS |
|---|---|
| 39.    Red    Robin    incorporates Uncontroverted Material Facts 1 through 38. | *See* Evidentiary Support for Uncontroverted Material Facts 1 through 38. |

**Noticed Issue No. 3**: Whether Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. section 216(b) (Docket No. 1-2, ¶ 33) as a matter of law if Red Robin had a good faith belief in Plaintiff's exempt status as a Kitchen Manager of Red Robin's Irvine restaurant and Plaintiff is unable to demonstrate that Red Robin did not have reasonable grounds for believing that it was complying with the FLSA in classifying Plaintiff as an exempt employee.

SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW
IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
FPDOCS 34317783.1

| RED ROBIN'S UNCONTROVERTED MATERIAL FACTS | EVIDENCE IN SUPPORT OF RED ROBIN'S UNCONTROVERTED MATERIAL FACTS |
|---|---|
| 40.   Red Robin incorporates Uncontroverted Material Facts 1 through 39. | *See* Evidentiary Support for Uncontroverted Material Facts 1 through 39. |

## PROPOSED CONCLUSIONS OF LAW

1.     Plaintiff's Fourth Cause of Action for "waiting time" penalties pursuant to California Labor Code section 203 fails as a matter of law because Red Robin had a good faith belief in Plaintiff's exempt status as a Kitchen Manager of Red Robin's Irvine restaurant and Plaintiff is unable to demonstrate that Red Robin willfully failed to pay all wages to Plaintiff upon discharge.

2.     Plaintiff's Second Cause of Action for violation of the federal Fair Labor Standards Act ("FLSA") cannot extend beyond a two-year statute of limitations period as a matter of law because there is no evidence of any willful violations of the FLSA by Red Robin.

3.     Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. section 216(b) (Docket No. 1-2, ¶ 33) as a matter of law because Red Robin had a good faith belief in Plaintiff's exempt status as a Kitchen Manager of Red Robin's Irvine restaurant and Plaintiff is unable to demonstrate that Red Robin did not have reasonable grounds for believing that it was complying with the FLSA in classifying Plaintiff as an exempt employee.

Dated:  July 23, 2018                 Respectfully submitted,
                                      FISHER & PHILLIPS LLP

                                      By: */s/ Sean F. Daley*
                                          LONNIE D. GIAMELA
                                          SEAN F. DALEY
                                          Attorneys for Defendant
                                          RED ROBIN INTERNATIONAL, INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 23, 2018 I served the foregoing document entitled **SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT RED ROBIN INTERNATIONAL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jonathan Jackel | Attorney for Plaintiff |
| Nora Rousso | Marciano Topete |
| Rousso & Jackel | |
| 116 E. Campbell Avenue, Suite 2 | Tel: (408) 378-3200 |
| Campbell, California 95008 | Fax: (408) 378-3202 |
| | jonathan@roussojackel.com |
| | nora@roussojackel.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Network Express, whose business address is 1533 Wilshire Boulevard, Los Angeles, CA 90017.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed July 23, 2018 at Los Angeles, California.

| | | |
|---|---|---|
| Melody Martinez | By: | /s/Melody Martinez |
| Print Name | | Signature |

---