1  JONATHAN JACKEL  (129146)
   NORA ROUSSO (150275)
2  ROUSSO & JACKEL
   116 E. Campbell Ave., Suite 2
3  Campbell, California 95008

4  Telephone: (408) 378-3200
   Facsimile:  (408) 378-3202
5
   Attorneys for Plaintiff
6  MARCIANO TOPETE

7
                    UNITED STATES DISTRICT COURT
8            CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

9
   MARCIANO TOPETE,                ) CASE NO. 8:17-CV-01721 AG (JDEx)
10                                  ) *[Originally Orange County Superior Court*
              Plaintiff,            ) *Case No.: 30-2017-00930423-CU-OE-CJC]*
11                                  )
        vs.                         ) **PLAINTIFF'S OPPOSITION TO**
12                                  ) **DEFENDANT'S SEPARATE**
   RED ROBIN INTERNATIONAL, INC., a ) **STATEMENT OF UNCONTROVERTED**
13 Nevada Corporation, doing business as RED ) **FACTS IN SUPPORT OF ITS MOTION**
   ROBIN BURGER AND SPIRITS         ) **FOR PARTIAL SUMMARY**
14 EMPORIUMS,  and DOES 1 through 20, ) **JUDGEMENT**
   inclusive,                       )
15                                  ) *[Filed concurrently with Plaintiff's*
              Respondents.          ) *Memorandum of Points and Authorities,*
16                                  ) *Declarations of Marciano Topete, Erik*
                                    ) *Carpenter, and Jonathan Jackel, Plaintiff's*
17                                  ) *Statement of Genuine Disputes, and*
                                    ) *Plaintiff's Compendium of Exhibits]*
18                                  )
                                    ) Date:       August 20, 2018
19                                  ) Time:       10:00 a.m.
                                    ) Location:   Courtroom 10D
20                                  )
                                    ) Complaint Filed:  July 7, 2017
21                                  ) FAC Filed:        July 27, 2017
                                    ) Trial Date:       October 2, 2018
22 _____    )

23

24      Plaintiff MARCIANO TOPETE ('plaintiff") responds to defendant RED ROBIN

25 INTERNATIONAL INC.'s ("Red Robin") Separate Statement of Uncontroverted Facts by

26 specifying the facts plaintiff contends are controverted and the evidence and objections upon

27 which plaintiff controverts these facts as follows:

28
   TOPETE v. RED ROBIN
   PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED
   FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT            Page 1

| UMF | RED ROBINS' UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S OBJECTIONS AND SUPPORTING EVIDENCE CONTROVERTING FACTS |
|---|---|---|
| 3. | Each restaurant also has a Kitchen Manager who is ultimately expected to be in charge of all kitchen operations. | Misstates the evidence. None of the cited deposition testimony states that plaintiff was "in charge of all kitchen operations." |
| 4. | The Kitchen Manager is expected to supervise the "heart of the house" ("HOH") employees, which includes cooks, expediters, and dishwashers, as well as all other restaurant employees when the Kitchen Manager is the manager on duty for the shift he or she works. | Mischaracterizes the cited deposition testimony. Plaintiff only supervised other restaurant employees when he was the only manager on duty, which was not his entire shift. Plaintiff was only expected to supervise Front of the House employees when no other managers were present, which was only for part of his shift 2-3 days a week. (Declaration of Marciano Topete para. 6; Exhibit 1 to Compendium of Exhibits [Depo. Of Plaintiff, 68:8-69:1, 95:8-18, 96:5-12, 221:3-6]) (All Exhibits referred to hereafter are attached to the Compendium of Exhibits.) |
| 5. | Pursuant to Red Robin's job description for the Kitchen Manager position, a Kitchen Manager is expected to "[s]upport and ensure that the restaurant operates within Red Robin International guidelines. While meeting/exceeding sales and profitability objections." | Misstates the deposition testimony of Karin Davie. She only stated that she "recognized" the job description. It is also much broader than her deposition testimony of plaintiff's duties as only including scheduling hourly employees, hiring and firing them, holding them accountable, running the "cost center," doing inventory, ordering, making sure that they don't run out of food, and "deliver[ing] on [their] promise to [their] guests in a consistent manner. (Exhibit 4 [Deposition of Karin Davie, 33:16-34:5]) |

TOPETE v. RED ROBIN
PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT                    Page 2

| | | |
|---|---|---|
| 6. | Pursuant to the job description, a Kitchen Manager is also expected to be "[r]esponsible for the proper execution and operation of the kitchen department, including all hiring/training of assistant Kitchen Managers and hourly team." | Misstates the deposition testimony of Karin Davie. She only stated that she recognized the job description. In addition, plaintiff did not hire or fire any employees. He could only make recommendations that were considered by the General Manager, along with recommendations from the Assistant Managers. Plaintiff did not train employees either. (Declaration of plaintiff, para. 4; Exhibit 1 [Depo. Of Plaintiff, 98:1-6, 117:1-21]) |

| | | |
|---|---|---|
| 7. | Pursuant to the job description, a Kitchen Manager's essential functions demonstrating Red Robin's expectations that he or she perform mamagement duties include, but are not limited to, the following:<br><br>- Effectively and efficiently manage restaurant...;<br>- Manage day to day operations during scheduled shifts that include daily decision making, Team Member support, Guest interaction, scheduling, planning while upholding standards, product quality and cleanliness;<br>- Optimize profit by scheduling labor efficiently and ordering food and supplies to maintain appropriate inventory...;<br>- Increase sales by ensuring Guest satisfaction and prompt problem solution;<br>- Responsible for the selection, on boarding and retention of Team Members through motivation, recognition, coaching, and development;<br>- Responsibly delegate and follow up on tasks while remaining accountable overall for kitchen and Team Members;<br>- Ensure [HOH] team avoid cross contamination, improper food handling and/or storage practices, etc., through proper training and supervision.<br>- Set performance expectations and monitor training process to ensure quality of training;<br>- Prepare and conduct performance appraisals and one to ones within assigned department and take any necessary disciplinary action in line with Company standards;<br>- Directly supervise 40-60 ["front of house" (FOH)/HOH] employees, and 2-5 trainers per shift. | Misstates the deposition testimony of Karin Davie. She only stated that she recognized the job description. It is also much broader than her deposition testimony of plaintiff's duties as only including scheduling hourly employees, hiring and firing them, holding them accountable, running the "cost center," doing inventory, ordering, making sure that they don't run out of food, and "deliver[ing] on [their] promise to [their] guests in a consistent manner. (Exhibit 4 [Deposition of Karin Davie, 33:16-34:5]) |

| | | |
|---|---|---|
| 8. | Red Robin expects that Kitchen Managers perform these duties and oversee their shifts, typically as the primary manager on duty for the entire restaurant. | Objection. The phrase "these duties" is vague and ambiguous. In addition, Red Robin has failed to offer any evidence that it communicated its expectations that plaintiff perform the duties described in the written job description. The duties described in the job description are much broader that was described by Karin Davie at her deposition. Defendant has also failed to offer any evidence that the job description was ever provided to plaintiff or that he was ever instructed that these were his duties. |
| 9. | Kitchen Managers are not expected to spend any significant amount of time performing tasks that hourly employees are expected to perform ("Spends *limited* time performing all [FOH/HOH] functions including food preparation, cooking, cleaning, serving and greeting Guests."). | None of the cited deposition testimony says anything about the amount of time plaintiff was expected to spend performing tasks that hourly employees performed. Defendant knew or should have known that regardless of what it "expected," plaintiff had to spend the majority of his time performing the same tasks as hourly employees. The kitchen was under staffed. In addition, defendant's Workers' Compensation Administrator stated in a letter that plaintiff was expected to "lift" and "push/pull up to 25 lbs. Frequently - up to 6 hours per day." (Declaration of Marciano Topete, paras 2 and 3; Declaration of Erik Carpenter, paras. 2 and 3; Exhibit 1 [Depo. of Plaintiff, 53:111-54:20, 55:7-20, 112:24-114:7]; Ex. 6.) |
| 13. | The primary task plaintiff was expected to perform as Kitchen Manager was to oversee the shifts he worked and ensure that the kitchen runs smoothly. | None of the cited deposition testimony says anything about plaintiff's "primary" tasks. Plaintiff testified at his deposition that his primary duties were getting food out of kitchen in timely manner and saving labor costs. (Exhibit 1 [Depo. of Plaintiff, 103:11-21]) |
| 14. | Plaintiff frequently was the primary manager on duty for the restaurant when he worked, which meant that he was expected to not only be responsible for overseeing the kitchen, but also supervising all restaurant employees and the operations of the entire restaurant. | It is undisputed that plaintiff was expected to direct all team members if he was the only manager on duty. However none of the cited deposition testimony says he was ever in charge of overseeing "the operations of the entire restaurant." In addition, plaintiff was only the manager on duty for part of his shift 2 or 3 shifts per week. (Declaration of Marciano Topete, para. 6; Exhibit 1 [Depo. Of Plaintiff, 68:8-69:1]) |

TOPETE v. RED ROBIN
PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT                    Page 5

| | | | |
|---|---|---|---|
| | 15. | As a result, plaintiff would be managing and directing the work of both the FOH employees (i.e. servers, hosts) as well as the HOH employees (i.e. cooks, expediters, dishwashers) during his shift. | The deposition testimony of Karin Davie only says that plaintiff would "direct" all team members if he was the only manager "on shift" from 11:00 am to 3:00 pm. She did not say he "managed" anyone. None of the other cited deposition testimony says this either. In addition, plaintiff was the only manager on duty for 8-12 hours out of a 55 work week. (Declaration of Plaintiff, paras. 6 and 8; Exhibit 1 [Depo. of Plaintiff, 68:8-69:1]) |
| | 16. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including but not limited to, the following:<br><br>- Supervising, directing, and coaching HOH (and FOH employees when he was primary manager on duty, which he regularly was) in the execution of their duties, including making notes about hourly employee performance in the Irvine restaurant's Action Log and having Ready, Set, Go meetings with hourly employees prior to the start of a shift | Objection. States a legal conclusion. In addition, none of the cited deposition testimony states that plaintiff was expected to coach the FOH employees. He only supervised them for part of his shift 2 or 3 times per week, which was only between 8 and 12 hours of a 55 hour work week. (Topete Declaration, paras. 6 and 8; Exhibit 1 [Depo. of Plaintiff, 68:8-69:1]) |
| | 17. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Walking throughout the restaurant to evaluate employee performance, customer satisfaction, and the overall operation of the restaurant. | Objection. States a legal conclusion. Plaintiff did not have time to do this because the kitchen was understaffed. (Topete Declaration of Plaintiff, para. 3.) In addition, defendant misstates some of the cited deposition testimony. Aiden Philleo did not say anything like this. Karin Davie testified that when Plaintiff was the "opener" he would have done "health and safety walks" to make sure they were serving safe food to the guests. This is not the same as evaluating employee performance, customer satisfaction, or the overall operation of the restaurant. |
| | 18. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Inspecting and evaluating food to ensure quality and uniformity, including performing a line check prior to the start of the shift. | Objection. States a legal conclusion. Inspecting and evaluating food is not a managerial function. |

| | | |
|---|---|---|
| 19. | As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Visiting guest tables to ensure quality service. | Objection. States a legal conclusion. This is not a managerial function. Also, plaintiff's deposition testimony is taken out of context. He only left the kitchen to talk to guests if there was a problem. The cited deposition testimony of Rebecca Bailey only mentions "guest interactions." It doesn't say anything about visiting tables. The deposition testimony of Aiden Philleo confirms that plaintiff only talked to guests when there were guest concerns. |
| 20. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Monitoring employee compliance with various Red Robin policies, such as meal period policies, rest break policies, and food safety and sanitation policies. | Objection. States a legal conclusion. |
| 21. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Ensuring the health and safety policies for the kitchen and the entire restaurant were followed. | Objection. States a legal conclusion. |
| 22. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Ensuring the kitchen was properly staffed monitoring labor costs, and phasing employees as necessary. | Objection. States a legal conclusion. Also, plaintiff was only allowed to staff kitchen based on budgets prepared by General Manager. The kitchen was always understaffed and staffing was subject to General Manager's approval. (Declaration of Plaintiff, para. 3.) |
| 24. | As a Kitchen Manager, plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>- Training Employees | Objection. States a legal conclusion. In addition, the Irvine Red Robin was not a "training" restaurant. Plaintiff never trained any employees. (Exhibit 1 [Depo. of Plaintiff, 98:1-6]; Exhibit 4 [Depo. Of Karin Davie, 81:20]; Exhibit 3 [Dep. Rebecca Baily, 38:21]) |

| # | | |
|---|---|---|
| 25. | Plaintiff acknowledged that as a Kitchen Manager he was expected to perform these managerial duties, although for some he disputes he actually did nor perform them "[b]ecause there was not enough time in the day." | Objection. States a legal conclusion, is over-broad, and vague and ambiguous as to "these managerial duties." Also misstates plaintiff's testimony. His cited testimony only refers to pre-shift and end of shift meetings with HOH team members, checking the quality of the "prepped sauces," and following the "18 steps." |
| 26. | Plaintiff, like all other salaried managers, was expected to use his managerial and supervisory authority to run the shift by supervising, directing and coaching not only the HOH employees, but also the FOH employees as he was normally the manager on duty during the morning shifts he was scheduled to work. | None of the cited deposition testimony says anything about plaintiff "using his managerial and supervisory authority." |
| 27. | This necessarily included the authority to male decisions on behalf of Red Robin and the Irvine restaurant with respect to, for example, customer complaints, service problems, or food quality issues. | Objection. Over-broad. Plaintiff only remembers responding to a customer complaint on one occasion. Otherwise, he primarily worked in the kitchen. (Exhibit 1 [Depo. of Plaintiff, 191:10-18]) |
| 28. | Plaintiff also was expected to exercise his independent judgement and discretion with respect to managing inventory and ordering food and supplies for the kitchen. | This misstates plaintiff's testimony. He had no independent judgement or discretion with respect to managing inventory and ordering food and supplies for the kitchen. (Exhibit 1 [Depo. of Plaintiff, 39:9-18, 138:18-140:18]; Exhibit 3 [Depo. of Rebecca Bailey, 53:5-23, 172:2-8]; Exhibit 4 [Depo. Of Karin Davie, 47:25-48:10, 50:6-15]; Declaration of Plaintiff, para. 5.) |
| 29. | Plaintiff's authority also extended to kitchen staffing as he was expected to be primarily responsible for interviewing and hiring kitchen staff (i.e. cooks, expediters, dishwashers). | Misstates plaintiff's deposition testimony. He was only able to make recommendations. (Exhibit 1 [Depo. of Plaintiff, 117:1-21]) |
| 30. | Plaintiff was also expected to discipline HOH employees (and had the authority to discipline FOH employees as well) by verbal coaching or issuing write-ups. | Misstates plaintiff's testimony. It states he was only able to verbally coach and issue write-ups. |

TOPETE v. RED ROBIN
PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT                Page 8

| 31. | Plaintiff also was expected to control staffing levels at the restaurant. | Misstates plaintiff's testimony. He was expected to "phase" employees and schedule their hours based on budgets prepared by the General Manager. However, he did not have the ability to "control" staffing levels. Otherwise, he would have hired more people to work in the kitchen or have the people already working there work longer hours. (Topete Declaration, paragraph 7.) |
|---|---|---|
| 32. | Plaintiff was expected to create the weekly schedules for the HOH employees and determine the number of HOH employees needed for each shift. | Plaintiff's deposition testimony is taken out of context. The number of employees scheduled depended on the budgets prepared by the General Manager. |
| 34. | Red Robin was not on notice that plaintiff was deviating from Red Robin's expectation that plaintiff's primary duty as a Kitchen Manager was to perform managerial duties concerning the kitchen, supervise employees, and run the shift he was assigned smoothly and efficiently. | Objection. Irrelevant. Defendant should have known that plaintiff spent more than half his time doing non-exempt work. (Topete Declaration, paras. 2-8; Carpenter Declaration, paras. 2-4; Exhibit 4 [Depo. Of Karin Davie, 52:25-53:4, 53:19-24; 83:11-84:14, 86:10-88:8, 89:16-92:17]; Exhibit 3 [Depo. of Rebecca Bailey, 15:20-16:6]) |
| 35. | Plaintiff never complained to human resources that he was spending a significant amount of time on non-managerial tasks despite having complained about two other employment-related issues in the past. | Objection. Irrelevant. Also, Human Resources received an e-mail from a Regional Operations Director on March 28, 2017, reporting that plaintiff "feels like he was working too hard with Watson and was forced into hourly positions." (Ex. 7; Exhibit 4 [Depo. of Karin Davie, 85:24-86:8]) |
| 36. | Plaintiff also never complained to any governmental agency that he was spending significant amounts of time on non-managerial tasks. | Objection. Irrelevant. |
| 37. | Likewise, no other employee indicated to Red Robin that plaintiff was spending most of his time on non-managerial tasks. | Objection. Irrelevant. |

TOPETE v. RED ROBIN
PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGEMENT            Page 9

| 38. | In fact, plaintiff's supervisor, the Irvine GM, as well as the Irvine restaurant's ROD, both believed that plaintiff's primary duties were to perform managerial duties concerning the kitchen, supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently, and neither of them observed him spending most of his time on non-managerial tasks. | Misstates the testimony of Rebecca Bailey and Aiden Philleo. Neither of them said this in the cited deposition testimony. In addition, Rebecca Bailey only visited the Irvine Red Robin once every 4 to 6 to 8 weeks and Aiden Philleo was only the General Manager at the Irvine Red Robin for about a year while plaintiff was also employed there.  (Exhibit 3 [Depo. Of Rebecca Bailey, 24:25-25:11]; Exhibit 2 [Depo. Of Adin Philleo, 7:3-9]) |

                                                              ROUSSO & JACKEL

Dated: July 30, 2018                    By:    /s/ *Jonathan Jackel*
                                                              JONATHAN JACKEL
                                                               Attorneys for Plaintiff