JONATHAN JACKEL (129146)
NORA ROUSSO (150275)
ROUSSO & JACKEL
116 E. Campbell Ave., Suite 2
Campbell, California 95008

Telephone: (408) 378-3200
Facsimile: (408) 378-3202

Attorneys for Plaintiff
MARCIANO TOPETE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARCIANO TOPETE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada Corporation, doing business as RED ROBIN BURGER AND SPIRITS EMPORIUMS, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. 8:17-CV-01721 AG (JDEx)<br>*[Originally Orange County Superior Court Case No.: 30-2017-00930423-CU-OE-CJC]*<br><br>**DECLARATION OF JONATHAN JACKEL IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Filed concurrently with Plaintiff's Memorandum of Points and Authorities, Declarations of Marciano Topete and Erik Carpenter, Plaintiff's Opposition to Defendant Separate Statement of Uncontroverted Facts, Plaintiff's Statement of Genuine Disputes, and Plaintiff's Compendium of Exhibits]*<br><br>Date:　　　August 20, 2018<br>Time:　　　10:00 a.m.<br>Location:　 Courtroom 10D |

　　I, Jonathan Jackel, declare:

　　1.　　I am one of the attorneys of record for plaintiff Marciano Topete and submit this declaration in opposition to defendant's motion for summary adjudication. If called as a witness I could and would testify competently to the following.

　　2.　　Attached to the Appendix as Exhibit 1 are excerpts and exhibits from the deposition of plaintiff Marciano Topete that was taken on April 30 and June 22, 2018.

　　3.　　Attached to the Appendix as Exhibit 2 are excerpts from the deposition of Adin

Philleo that was taken on May 2, 2018.

4.     Attached to the Appendix as Exhibit 3 are excerpts from the deposition of Rebecca Bailey that was taken on May 2, 2018.

5.     Attached to the Appendix as Exhibit 4 are excerpts from the deposition of Karin Davie that was taken on May 4, 2018.

6.     Attached to the Appendix as Exhibit 5 is a copy of a page from the California Appendix of defendant Red Robin's Employee Handbook that was produced by Red Robin in response to plaintiff's Request for Production of Documents.

7.     Attached to the Appendix as Exhibit 6 is a copy of a May 5, 2017 letter from defendant's Workers' Compensation Administrator stating in response to plaintiff's restrictions following a workplace injury that plaintiff may "lift" and "push/pull up to 25 lbs Frequently - up to 6 hours/day."  This letter was produced by defendant in response to plaintiff's inspection demand.

8.     Attached to the Appendix as Exhibit 7 is a copy of a March 28, 2017 email from Caren Bertain to Amy Jones, reporting that plaintiff "feels like he was working too hard with Watson and was forced into hourly positions."  This letter was produced by defendant in response to plaintiff's inspection demand.

9.     Attached to the Compendium of Exhibits as Exhibit 9 is a three page "meet and confer" letter that Sean Daley, one of defendant's attorney's, emailed to me on July 18, 2018.  Mr. Daley's letter indicated that he intended to file a motion for summary adjudication of issues and cited authority in support of his client's positions.  The letter only gave us until the following day, July 19, 2018, to respond and stated that defendant would file a motion for summary judgment if we did not do so.

10.    After receiving the "meet and confer" letter from Mr. Daley I sent an email to his law firm pointing out that it was unreasonable for him to expect us to respond by the next day.  I pointed out that under Local Rule 7-3 a motion for summary judgment cannot be filed until seven days after sending a "meet and confer" letter and that I would respond within that time period.  This meant that defendant could not file its motion until July 25, 2018.  Defendant's attorney responded in

1 an email later that day in which he indicated that defendant would not file the motion until July 25, 2018.  His email also asked us to stipulate to a special setting on August 27, 2018, since the last day for motions for summary judgments to be heard is August 23, 2018, and motions are only heard on Mondays.  I responded to his email later that evening, stating that we could talk to him about this on Monday, July 23, 2018.

11. On Monday, July 23, 2018, my partner and I called Mr. Daley and explained to him that we could not stipulate to a special setting of a hearing on August 27, 2018 because we had already made plans to go on vacation.  We explained to him that my partner, Nora Rousso, had reservations to fly Greece on July 31, 2018, and will be gone for almost three weeks, and that I had plans to go up to go on vacation in Lake Tahoe for a week, starting on August 8, 2018, with some friends who are traveling there from the East Coast.  If the hearing was going to be on August 27, 2018, the deadline for filing an opposition would be August 6, 2018, so this would interfere with our plans.  I asked Mr. Daley what the "good cause" would be for requesting a special setting.  He did not say what it was.  Instead, he said he could file the motion by midnight of July 23, 2018, so that it could be heard on August 20, 2018.  I pointed out that this would not comply with Local Rule 7-3 and that we would have to be personally served by the end of the day, but that did not seem to phase him.  During the course of this conversation we also discussed the merits of defendant's motion, but we were unable to resolve any of the issues described in his "meet and confer" letter.

12. Defendant electronically filed its Motion for Partial Summary Judgment on July 23, 2018.  It was obviously already prepared when we spoke to him earlier that day, so it appears that defendant intended to file the motion regardless of what we had to say in response to its "meet and confer" letter.

13. We did not receive a copy of defendant's Motion for Partial Summary Judgment until defendant's law firm emailed it to us on July 24, 2018.  When I arrived at my office later that day, a hard copy was left in an envelope in front of the door.  A link to digital copies was emailed to me by Fisher & Phillips later that day.  We did not receive a hard copy from the District Court's Electronic Filing Program.  I assume that this is because this is the first time we are actually filing

documents with the District Court in this case and had not consented to electronic service of documents through the CM/ECF system. As a result, we only had six days in which to prepare plaintiff's opposition to defendant's motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 30, 2018 in Campbell, California.

/s/ *Jonathan Jackel*<br>JONATHAN JACKEL