**EXHIBIT 9**



fisherphillips.com

Los Angeles
444 South Flower Street
Suite 1500
Los Angeles, CA 90071

(213) 330-4500 Tel
(213) 330-4501 Fax

Writer's Direct Dial:
(213) 330-4474

Writer's E-mail:
sdaley@fisherphillips.com

July 18, 2018

**Via U.S. Mail and Email**

Jonathan Jackel
Nora Rousso
ROUSSO & JACKEL
116 E. Campbell Ave., Suite 2
Campbell CA 95008

Re:   Marciano Topete v. Red Robin International, Inc.

Dear Counsel:

Pursuant to Local Rule 7-3, please allow this letter to serve as Defendant Red Robin International, Inc.'s ("Red Robin") attempt to meet and confer with Plaintiff Marciano Topete ("Plaintiff") regarding Plaintiff's claims for waiting time penalties pursuant to California Labor Code section 203 and liquidated damages pursuant to 29 U.S.C. section 216(b) of the Fair Labor Standards Act ("FLSA"), as well as the applicable statute of liability for Plaintiff's FLSA claim. Red Robin intends to file a motion for partial summary judgment next week on the above-referenced claims if the parties are unable to resolve the issues through this meet and confer effort.

With respect to Plaintiff's claim for waiting time penalties, Red Robin is liable for waiting time penalties only if it "willfully" fails to pay all wages upon discharge. Cal. Lab. Code § 203; *see also Nordstrom Commission Cases,* 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure to pay wages if the employer and employee have a good faith dispute as to whether and when the wages were due."); *Armenta v. Osmose, Inc.,* 135 Cal. App. 4th 314, 325 (2005) ("A good faith belief in a legal defense will preclude a finding of willfulness."); *Smith v. Rae-Venter Law Group,* 29 Cal. 4th 345, 354, fn. 3 and 4 (2002) (explaining that where an employer has a reasonable, good faith belief that no wages were owed, the failure to timely pay upon termination is not "willful."). Although Plaintiff may dispute the amount of time he spent performing exempt duties or that he was properly classified as exempt by Red Robin, it appears to be undisputed that Red Robin did not willfully misclassify Plaintiff as exempt based on the deposition testimony of both Plaintiff and the defense witnesses. As Plaintiff acknowledged, he was expected to perform managerial duties and act as the manager on duty for the majority of the shifts he worked. Red Robin did not know or have any reason to know that Plaintiff was choosing to perform non-

**Fisher & Phillips LLP**
Atlanta • Baltimore • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

FPDOCS 34303330.1

Jonathan Jackel
Nora Rousso
July 18, 2018
Page 2

exempt duties, such as cooking and washing dishes, instead. Therefore, Red Robin is entitled to summary judgment as to Plaintiff's Labor Code section 203 claim.[1]

Additionally, Plaintiff's FLSA claim cannot extend beyond the two-year limitations period because there is no evidence of any willful violations. The FLSA prescribes a two-year period of limitation for claims brought pursuant to its provisions unless the claims arise out of a "willful violation." *See* 29 U.S.C. § 255(a). "Willful" behavior is conduct that is more than simply negligent or unreasonable. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988); *see also Nelson v. Waste Mgmt. of Alameda County, Inc.,* 33 Fed. Appx. 273, 274 (2002) ("Mere negligence by the employer in determining its legal obligation is not sufficient; there must be evidence that the employer affirmatively knew it was violating the FLSA or that it was acting with 'reckless disregard' of the FLSA") (*quoting McLaughlin,* 486 U.S. at 133, 135 n. 13). An employer's violation of the FLSA is "willful" only if the employer either knew or acted with reckless disregard for whether its conduct was prohibited by the FLSA. *See McLaughlin,* 486 U.S. at 133; *Chao v. A-One Med. Servs., Inc.,* 346 F. 3d 908, 918 (9th Cir. 2003). "If an employer acts unreasonably, but not recklessly, in determining its legal obligation" under the FLSA, its action is **not** willful. *McLaughlin,* 486 U.S. at 135 n.13. Plaintiff has the burden to show that the alleged violations are willful. *See Nelson,* 33 Fed. Appx. at 274.

Here, there is no evidence to support that Red Robin knew it was violating the FLSA, or that it recklessly disregarded the FLSA. To the contrary, the uncontroverted facts demonstrate, at the very least, that Red Robin acted in good faith in its belief that Plaintiff was properly classified. Red Robin's good faith belief that Plaintiff was properly classified as exempt is incompatible with the allegations that Red Robin willfully violated the FLSA. Accordingly, Red Robin is entitled to partial summary judgment that the limitations period for any FLSA claims is limited to two years.

Lastly, Plaintiff is not entitled to liquidated damages because Red Robin acted in good faith and had reasonable grounds for believing that it was complying with the FLSA. The FLSA provides for an award of liquidated damages in an amount equal to unpaid overtime compensation. 29 U.S.C. § 216(b). However, courts retain discretion to withhold a liquidated

---

[1] *See Reber v. AIMCO/Bethesda Holdings, Inc.,* 2008 U.S. Dist. LEXIS 81790, at *24-25 (C.D. Cal. Aug. 25, 2008) (Carter, J.) (summary judgment appropriate on section 203 claim where good faith dispute existed whether employees were exempt) ("[because] it is clear that a good faith dispute exists [as to whether plaintiffs were misclassified] . . ., penalties under Section 203 are unwarranted)"); *see also Pedroza v. PetSmart, Inc.,* 2012 U.S. Dist. LEXIS 189530, at *15-16 (C.D. Cal. June 14, 2012) (King, J.) (granting summary judgment in favor of defendant as to plaintiff's claims for statutory §§ 203 and 226(e) claims, stating that "[Defendant] has certainly presented a defense - the executive exemption affirmative defense - that, if successful, will preclude Plaintiff from recovering. Further, this defense is reasonable, supported by the evidence, and Plaintiff presents no evidence that it has been presented in bad faith."); *Akasougi v. Benihana Nat'l Corp.,* 2012 U.S. Dist. LEXIS 128536, *24-25 (N.D. Cal. Sept. 7, 2012) (". . . [defendant] has raised reasonable, non-frivolous defenses as to plaintiffs' claims. [Defendant] has asserted that it believes the plaintiffs were properly classified as exempt managerial employees, which would serve as a defense to all of plaintiffs' claims. Accordingly, the Court is satisfied that there was a good faith dispute whether [defendant] owed [plaintiff] any unpaid wages . . .").

Jonathan Jackel
Nora Rousso
July 18, 2018
Page 3

damages award where an employer shows that, "despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003); *see also* 29 U.S.C. § 260.

Here, Red Robin clearly had a good faith and reasonable grounds for believing that Plaintiff was exempt under the FLSA. As discussed above, it is undisputed, based on the deposition testimony of Plaintiff and the defense witnesses, that Plaintiff was expected to perform managerial duties and act as the manager on duty for the majority of the shifts he worked. Moreover, Plaintiff never complained about performing non-exempt duties, such as cooking and washing duties, until the filing of this lawsuit. Red Robin did not know or have any reason to know that Plaintiff was choosing to perform non-exempt duties instead of performing the managerial duties he was expected to perform. Accordingly, pursuant to 29 U.S.C. section 260, Plaintiff does not have a viable claim for liquidated damages.

We are providing this information to you know in an effort to resolve the above-referenced issues without court intervention. Please let me know by no later than **5:00 p.m. tomorrow, July 19, 2018**, if Plaintiff disagrees with Red Robin's position and/or if Plaintiff believes there is anything further to meet and confer on with respect to Red Robin's motion for partial summary judgment.

Sincerely,

SEAN F. DALEY
For FISHER & PHILLIPS LLP

SFD:ml

FPDOCS 34303330.1