1   LONNIE D. GIAMELA, SBN 228435
    lgiamela@fisherphillips.com
2   SEAN F. DALEY, SBN 272493
    sdaley@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4   Los Angeles, California 90071
    Telephone: (213) 330-4500
5   Facsimile: (213) 330-4501

6   Attorneys for Defendant
    RED ROBIN INTERNATIONAL, INC.
7

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11  MARCIANO TOPETE,                    Case No:  8:17-cv-01721 AG (JDEx)
                                        [Originally Orange County Superior
12                  Plaintiff,          Court Case No.: 30-2017-00930423-CU-
                                        OE-CJC]
13       v.

14  RED ROBIN INTERNATIONAL,            **DEFENDANT RED ROBIN**
    INC., a Nevada Corporation, doing   **INTERNTIONAL, INC'S REPLY TO**
15  business as RED ROBIN BURGER        **PLAINTIFF'S OPPOSITION TO**
    AND SPIRITS EMPORIUMS, and          **DEFENDANT'S SEPARATE**
16  DOES 1 through 20, inclusive  ,     **STATEMENT OF**
                                        **UNCONTROVERTED FACTS IN**
17                  Defendants.         **SUPPORT OF ITS MOTION FOR**
                                        **PARTIAL SUMMARY JUDGMENT**
18
                                        [*Filed Concurrently with Defendant's*
19                                      *Reply to Opposition to Motion for Partial*
                                        *Summary Judgment, Declaration of Sean*
20                                      *F. Daley in support of Reply*]

21
                                        Date:         August 20, 2018
22                                      Time:         10:00 a.m.
                                        Location:     Courtroom 10D
23                                                    411 West Fourth Street
                                                      Santa Ana, California
24

25                                      Complaint Filed:   July 7, 2017
                                        FAC Filed:         July 27, 2017
26                                      Trial Date:        October 2, 2018

27

28

## UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Despite filing a document that purportedly disputes Red Robin's material facts in support of the instant motion for partial summary judgment, Plaintiff Marciano Topete's Opposition to Red Robin's Separate Statement of Uncontroverted Facts ("Opposition Statement") does not identify any triable issue of *material* fact and instead tries to create an issue of fact by focusing on the duties Plaintiff claims he actually performed and whether he exercised independent discretion and judgment. The purpose of disputing a separate statement of material facts is not to assert the non-moving party's legal theory or interpretation of what the undisputed facts mean; rather it is to present evidence that actually contradicts the facts presented by the moving party. Plaintiff has failed to do that here.

Instead, Plaintiff fills his Opposition Statement with that which, as a matter of law, does not raise a triable issue: objections based on mischaracterization/misinterpretation of facts, legal conclusions, speculation, vagueness and overbreadth; conclusory allegations and irrelevant/immaterial facts. It all must be disregarded. *See, e.g., Beyene v. Coleman Sec. Servs.*, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment."); FED. R. CIV. P. 56(e) (summary judgment affidavits "shall set forth such facts as would be admissible in evidence"); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (legal argument cannot establish an admissible fact or create an issue of fact for purposes of summary judgment); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike affidavit "on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony"); *Gray v. Shell Oil Co.*, 469 F.2d 742, 750 (9th Cir. 1972) ("Opinion testimony, such as here offered, without a factual basis in the record, is inadmissible"); FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."'); Fed. R. Evid. 801, 802 (hearsay rule); *Adler v. Fed. Republic of Nig.*, 107 F.3d 720, 728 (9th Cir. 1997) ("Summary judgment is intended to avoid a useless trial before a finder of fact. Courts have found that a party may not automatically avoid this screening mechanism by submitting affidavits that contradict his or her deposition testimony.") (citation omitted).

Thus, Red Robin sets forth its undisputed facts, Plaintiff's objections and supporting evidence controverting facts, Red Robin's further response (explaining why Plaintiff's submission is deficient) and what Red Robin believes to be the ultimate status of these facts.

**Noticed Issue No. 1**: Whether Plaintiff's Fourth Cause of Action for "waiting time" penalties pursuant to California Labor Code section 203 fails as a matter of law because Red Robin had a good faith belief in Plaintiff's exempt status as a Kitchen Manager of Red Robin's Irvine restaurant and Plaintiff is unable to demonstrate that Red Robin willfully failed to pay all wages to Plaintiff upon discharge.

| RED ROBIN'S UNCONTROVERTED MATERIAL FACTS | PLAINTIFF'S OBJECTIONS AND SUPPORTING EVIDENCE CONTROVERTING FACTS | RED ROBIN'S RESPONSE |
| --- | --- | --- |
| 1. The Irvine, California restaurant is comprised of a management team that consists of a Regional Operations Director ("ROD"), who oversees several | Undisputed. | **Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

restaurants within a specified geographical region, and a General Manager ("GM") who is ultimately responsible for the day-to-day operations of the entire restaurant.

**Red Robin's Evidence:**

Declaration of Sean F. Daley ("Daley Decl."), at ¶ 5; Exhibit A, relevant excerpts and exhibits from the first volume of Plaintiff's deposition on April 30, 2018, p. 134:3-21, attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment.

Daley Decl., at ¶ 7; Exhibit D, relevant excerpts and exhibits from Adin Philleo's deposition on May 2, 2018, p. 7:3-9, attached to Red Robin's

3

| | | |
|---|---|---|
| Appendix of Evidence in support of Motion for Partial Summary Judgment. | | |
| 2.  During the relevant period related to Plaintiff's employment, Rebecca Bailey was one of the RODs for the Irvine location and Adin Philleo was one of the GMs.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 134:3-21.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 7:3-9. | Undisputed. | **Status: Undisputed.** |
| 3.  Each restaurant also has a Kitchen Manager, who is ultimately expected to be in charge of all kitchen operations.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11. | Misstates the evidence. None of the cited deposition testimony states that plaintiff was "in charge of all kitchen operations." | What is material here is that Plaintiff was the Kitchen Manager for the Irvine restaurant and was expected to manage the kitchen and its operations.  Unable to dispute this fact, Plaintiff claims that |

4

| | | |
|---|---|---|
| Daley Decl., at ¶ 6; Exhibit B, relevant excerpts and exhibits from the second volume of Plaintiff's deposition on June 22, 2018, p. 289:22-290:7, Exhibit 15 (HOH Shift Mechanics), attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. | | this fact "misstates the evidence," but sidesteps actually denying or disputing this fact with any relevant, material evidence. **Status: Undisputed.** |
| Daley Decl., at ¶ 7; Exhibit C, relevant excerpts and exhibits from Rebecca Bailey's deposition on May 2, 2018, p. 40:4-42:13, 77:22-79:13, attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. | | |
| Daley Decl., at ¶ 7; Exhibit D, p. 27:4-12; 60:19-61:12. | | |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 8; Exhibit E, relevant excerpts and exhibits from Karin Davie's deposition on May 4, 2018, p. 33:15-34:6; 59:12-61:12; 94:3-98:25, attached to Red Robin's Appendix of Evidence in support of Motion for Partial Summary Judgment. | | |
| 4.  The Kitchen Manager is expected to supervise the "heart of house" ("HOH") employees, which included cooks, expediters, and dishwashers, as well as all other restaurant employees when the Kitchen Manager is the manager on duty for the shift he or she works. **Red Robin's Evidence:** Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6. | Mischaracterizes the cited deposition testimony. Plaintiff only supervised other restaurant employees when he was the only manager on duty, which was not his entire shift. Plaintiff was only expected to supervise Front of the House employees when no other managers were present, which was only for part of his shift 2-3 days a week. (Declaration of | What is material here is that Plaintiff, as a manager, was expected to supervise other restaurant employees.  Plaintiff admits that he was expected to and did in fact supervise other restaurant employees.   Unable to dispute this fact, Plaintiff claims that this fact "mischaracterizes the cited deposition testimony" and takes |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | Marciano Topete para. 6; Exhibit 1 to Compendium of Exhibits [Depo. Of Plaintiff, 68:8-69:1, 95:8-18, 96:5-12, 221:3-6]) (All Exhibits referred to hereafter are attached to the Compendium of Exhibits.) | issue with how much time he spent supervising other restaurant employees. Evidence of how much time he actually spent goes to the issue of whether he was misclassified, which is not an issue raised in this Motion. Plaintiff does not dispute the fact that he was expected to and did in fact supervise other restaurant employees with any relevant evidence.<br><br>**Status: Undisputed.** |
| 5.  Pursuant to Red Robin's job description for the Kitchen Manager position, a Kitchen Manager is expected to | Misstates the deposition testimony of Karin Davie. She only stated that she "recognized" the job | What is material here is that pursuant to Red Robin's job description for the Kitchen Manager |

7

"[s]upport and ensure that the restaurant operates within Red Robin International guidelines, while meeting/exceeding sales and profitability objections."

**Red Robin's Evidence:**

Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job Description).

description. It is also much broader than her deposition testimony of plaintiff's duties as only including scheduling hourly employees, hiring and firing them, holding them accountable, running the "cost center," doing inventory, ordering, making sure that they don't run out of food, and "deliver[ing] on [their] promise to [their] guests in a consistent manner. (Exhibit 4 [Deposition of Karin Davie, 33:16-34:5])

position, Plaintiff was expected to "[s]upport and ensure that the restaurant operates within Red Robin International guidelines, while meeting/exceeding sales and profitability objections."  This language comes directly from the Kitchen Manager Job Description, which was an exhibit to Ms. Davie's deposition. Unable to dispute this fact, Plaintiff merely claims that this fact "misstates the deposition testimony of Karin Davie" and sidesteps the fact that the Kitchen Manager Job Description expected him, as a Kitchen

8

| | | |
|---|---|---|
| | | Manager, to "[s]upport and ensure that the restaurant operates within Red Robin International guidelines, while meeting/exceeding sales and profitability objections."<br><br>**Status: Undisputed.** |
| 6.  Pursuant to the job description, a Kitchen Manager is also expected to be "[r]esponsible for the proper execution and operation of the kitchen department, including all hiring/training of assistant kitchen managers and hourly team."<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job | Misstates the deposition testimony of Karin Davie.  She only stated that she recognized the job description.  In addition, plaintiff did not hire or fire any employees.  He could only make recommendations that were considered by the General Manager, along with recommendations from the Assistant Managers. | What is material here is that pursuant to Red Robin's job description for the Kitchen Manager position, Plaintiff was expected to be "[r]esponsible for the proper execution and operation of the kitchen department, including all hiring/training of assistant kitchen managers and hourly team."  This |

9

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| Description). | Plaintiff did not train employees either. (Declaration of plaintiff, para. 4; Exhibit 1 [Depo. Of Plaintiff, 98: 1-6, 117: 1-21]) | language comes directly from the Kitchen Manager Job Description, which was an exhibit to Ms. Davie's deposition. Unable to dispute this fact, Plaintiff merely claims that this fact "misstates the deposition testimony of Karin Davie" and sidesteps the fact that the Kitchen Manager Job Description expected him, as a Kitchen Manager, to be "[r]esponsible for the proper execution and operation of the kitchen department, including all hiring/training of assistant kitchen managers and hourly team." |

| | | |
|---|---|---|
| | | **Status: Undisputed.** |
| 7. Pursuant to the job description, a Kitchen Manager's essential functions demonstrating Red Robin's expectations that he or she perform management duties include, but are not limited to, the following:<br>- Effectively and efficiently manage restaurant . . .;<br>- Manage day to day operations during scheduled shifts that include daily decision making, Team Member support, Guest interaction, scheduling, planning while upholding standards, product quality and cleanliness; | Misstates the deposition testimony of Karin Davie. She only stated that she recognized the job description. It is also much broader than her deposition testimony of plaintiffs duties as only including scheduling hourly employees, hiring and firing them, holding them accountable, running the "cost center," doing inventory, ordering, making sure that they don't run out of food, and "deliver[ing] on [their] promise to [their] guests in a consistent manner. (Exhibit 4 [Deposition of Karin Davie, 33:16-34:5]) | What is material here is that pursuant to Red Robin's job description for the Kitchen Manager position, Plaintiff was expected to perform the management duties included therein. The duties are listed explicitly in the Kitchen Manager Job Description, which was an exhibit to Ms. Davie's deposition. Unable to dispute this fact, Plaintiff merely claims that this fact "misstates the deposition testimony of Karin Davie" and sidesteps the fact that the Kitchen Manager Job |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| - Optimize profit by scheduling labor efficiently and ordering food and supplies to maintain appropriate inventory . . .;<br>- Increase sales by ensuring Guest satisfaction and prompt problem resolution;<br>- Responsible for the selection, on boarding and retention of Team Members through motivation, recognition, coaching and development;<br>- Responsibly delegate and follow up on tasks while remaining accountable overall for kitchen and Team Members;<br>- Ensure [HOH] team avoid cross | | Description expected him, as a Kitchen Manager, to perform the management duties listed.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| contamination, improper food handling and/or storage practices, etc., through proper training and supervision;<br><br>- Set performance expectations and monitor training process to ensure quality of training;<br><br>- Prepare and conduct performance appraisals and one to ones within assigned department and take any necessary disciplinary action in line with Company standards;<br><br>- Directly supervise 40-60 ["front of house" (FOH)/HOH] employees, and 2-5 trainers per shift.<br><br>**Red Robin's Evidence:** | | |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 8; Exhibit E, p. 34:13-21, Exhibit 6 (Kitchen Manager Job Description). | | |
| 8. Red Robin expects that Kitchen Managers perform these duties and oversee their shifts, typically as the primary manager on duty for the entire restaurant.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit | Objection. The phrase "these duties" is vague and ambiguous. In addition, Red Robin has failed to offer any evidence that it communicated its expectations that plaintiff perform the duties described in the written job description. The duties described in the job description are much broader that was described by Karin Davie at her deposition. Defendant has also failed to offer any evidence that the job description was ever provided to plaintiff or that he was ever | What is material here is that pursuant to Red Robin's job description for the Kitchen Manager position, Plaintiff was expected to perform the management duties included therein. The duties are listed explicitly in the Kitchen Manager Job Description, which was an exhibit to Ms. Davie's deposition. Unable to dispute this fact, Plaintiff merely objects to the phrase "these duties" and sidesteps the fact that the Kitchen |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | instructed that these were his duties. | Manager Job Description expected him, as a Kitchen Manager, to perform the management duties listed. Plaintiff also admitted that as a Kitchen Manager, he was expected to supervise other restaurant employees.  (*See* UMF 4).<br><br>**Status: Undisputed.** |
| 9.  Kitchen Managers are not expected to spend any significant amount of time performing tasks that hourly employees are expected to perform ("Spends ***limited*** time performing all [FOH/HOH] functions including food preparation, cooking, | None of the cited deposition testimony says anything about the amount of time plaintiff was expected to spend performing tasks that hourly employees performed. Defendant knew or should have known that regardless of what it "expected," | What is material here is that pursuant to Red Robin's job description for the Kitchen Manager position, Plaintiff was not expected to spend any significant amount of time performing tasks that hourly employees are |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| cleaning, serving and greeting Guests."). **Red Robin's Evidence:** Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6. Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics). Daley Decl., at ¶ 7; Exhibit C, p. 42:6:44:9; 46:4-22 Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12; 62:2-4; 76:8-23 Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | plaintiff had to spend the majority of his time performing the same tasks as hourly employees. The kitchen was under staffed. In addition, defendant's Workers' Compensation Administrator stated in a letter that plaintiff was expected to "lift" and "push/ pull up to 25 lbs. Frequently - up to 6 hours per day." (Declaration of Marciano Topete, paras 2 and 3; Declaration of Erik Carpenter, paras. 2 and 3; Exhibit 1 [Depo. of Plaintiff, 53:111-54:20, 55:7-20, 112:24-114:7]; Ex. 6.) | expected to perform ("Spends ***limited*** time performing all [FOH/HOH] functions including food preparation, cooking, cleaning, serving and greeting Guests.").  This language comes directly from the Kitchen Manager Job Description, which was an exhibit to Ms. Davie's deposition. Unable to dispute this fact, Plaintiff merely claims that "none of the cited deposition testimony says anything about the amount of time plaintiff was expected to spend performing tasks that hourly employees performed" and |

16

FPDOCS 34365114.1

| | | |
|---|---|---|
| | | sidesteps the fact that the Kitchen Manager Job Description did not expect him, as a Kitchen Manager, to was not expected to spend any significant amount of time performing tasks that hourly employees are expected to perform ("Spends _**limited**_ time performing all [FOH/HOH] functions including food preparation, cooking, cleaning, serving and greeting Guests."). |
| | | **Status: Undisputed.** |
| 10. Plaintiff was hired and began working as a Kitchen Manager in Training in or around June 24, 2008. **Red Robin's Evidence:** | Undisputed. | **Status: Undisputed.** |

17

| | | |
|---|---|---|
| Daley Decl., at ¶ 5; Exhibit A, p. 30:22-31:2 | | |
| 11. During the period of time relevant to Plaintiff's claims in the instant matter, Plaintiff was the Kitchen Manager of Red Robin's Irvine restaurant.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 65:14-66:13 | Undisputed. | **Status: Undisputed.** |
| 12. At the time of his termination, Plaintiff was earning a salary in the high $60,000 range per year plus quarterly bonuses.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 6; Exhibit B, p. 210:15-211:2<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 23:9-17 | Undisputed. | **Status: Undisputed.** |

18

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| Daley Decl., at ¶ 8; Exhibit E, p. 59:15-16. | | |
| 13. The primary task Plaintiff was expected to perform as a Kitchen Manager was to oversee the shifts he worked and ensure that the kitchen runs smoothly.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21- | None of the cited deposition testimony says anything about plaintiff's "primary" tasks. Plaintiff testified at his deposition that his primary duties were getting food out of kitchen in timely manner and saving labor costs. (Exhibit 1 [Depo. of Plaintiff, 103:11-21]) | Plaintiff argues semantics, but, tellingly, does not offer any evidence to contradict this fact, instead only offering what Plaintiff believed was his "primary" duty.  The testimony cited by Red Robin supports the fact that Plaintiff, as a Kitchen Manager, was expected to manage the kitchen at the Irvine location and oversee the shifts he worked where he was the manager on duty.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | |
| 14.Plaintiff frequently was the primary manager on duty for the restaurant when he worked, which meant that he was expected to not only be responsible for overseeing the kitchen, but also supervising all restaurant employees and the operations of the entire restaurant.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; | It is undisputed that plaintiff was expected to direct all team members if he was the only manager on duty. However none of the cited deposition testimony says he was ever in charge of overseeing "the operations of the entire restaurant." In addition, plaintiff was only the manager on duty for part of his shift 2 or 3 shifts per week. (Declaration of Marciano Topete, para. 6; Exhibit 1 [Depo. Of Plaintiff, 68:8-69:1]) | Plaintiff admits that it is undisputed that he was expected to direct all team members if he was the only manager on duty.  Again, Plaintiff argues semantics, but, tellingly, does not offer any evidence to contradict the fact that Plaintiff was also expected to oversee the operations of the entire restaurant when he was the manager on duty. Plaintiff also takes issue with how often he was the manager on duty, however, how much time he |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | actually spent as the manager on duty goes to the issue of whether he was misclassified, which is not an issue raised in this Motion.<br><br>**Status: Undisputed.** |
| 15. As a result, Plaintiff would be managing and directing the work of both the FOH employees (i.e. servers, hosts) as well as the HOH employees (i.e. cooks, expediters, dishwashers) during his shift.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics). | The deposition testimony of Karin Davie only says that plaintiff would "direct" all team members if he was the only manager "on shift" from 11:00 am to 3:00 pm. She did not say he "managed" anyone. None of the other cited deposition testimony says this either. In addition, plaintiff was the only manager on duty for 8-12 hours out of a 55 work week. (Declaration of | Again, Plaintiff argues semantics, but, tellingly, does not offer any evidence to contradict the fact that Plaintiff was expected to manage and direct the work of both FOH and HOH employees when he was the manager on duty. Plaintiff also takes issue with how often he was the manager on duty, however, how much time he |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | Plaintiff, paras. 6 and 8; Exhibit 1 [Depo. of Plaintiff, 68:8-69:1]) | actually spent as the manager on duty goes to the issue of whether he was misclassified, which is not an issue raised in this Motion.<br><br>**Status: Undisputed.** |
| 16. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>  - Supervising, directing and coaching HOH (and FOH employees when he was primary manager on duty, which he regularly was) in the execution of their duties, including making notes about hourly | Objection. States a legal conclusion. In addition, none of the cited deposition testimony states that plaintiff was expected to coach the FOH employees. He only supervised them for part of his shift 2 or 3 times per week, which was only between 8 and 12 hours of a 55 hour work week. (Topete Declaration, paras. 6 and 8; Exhibit 1 [Depo. of Plaintiff, 68:8-69:1]) | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff takes issue with how often he was the manager on duty, however, how much time he actually spent as the manager |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| employee performance in the Irvine restaurant's Action Log and having Ready, Set, Go meetings with hourly employees prior to the start of a shift.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12. | | on duty goes to the issue of whether he was misclassified, which is not an issue raised in this Motion. Plaintiff sidesteps actually denying or disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | |
| 17. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>-Walking throughout the restaurant to evaluate employee performance, customer satisfaction, and the overall operation of the restaurant.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 106:25-108:7; 113:15-17; 114:8- | Objection. States a legal conclusion. Plaintiff did not have time to do this because the kitchen was understaffed. (Topete Declaration of Plaintiff, para. 3.) In addition, defendant misstates some of the cited deposition testimony. Aiden Philleo did not say anything like this. Karin Davie testified that when Plaintiff was the "opener" he would have done "health and safety walks" to make sure they were serving safe food to the guests. | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff takes issue with how much time he actually spent performing this duty, however, how much time he actually spent goes to the issue of whether he was misclassified, |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 145:4-16.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. | This is not the same as evaluating employee performance, customer satisfaction, or the overall operation of the restaurant. | which is not an issue raised in this Motion. Plaintiff sidesteps actually denying or disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 18. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>    -Inspecting and | Objection. States a legal conclusion. Inspecting and evaluating food is not a managerial function. | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| evaluating food to ensure quality and uniformity, including performing a line check prior to the start of the shift.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 90:8-92:1; 142:17-19; 169:18-21<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 235:19-237:6; 279:22-280:4; 281:2-19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 43:6-8; 58:12-13<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 30:6-8.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; | | the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff claims that "inspecting and evaluating food is not a managerial function." Plaintiff sidesteps actually denying or disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 59:12-61:12; 94:3-98:25. | | |
| 19. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br><br>-Visiting guest tables to ensure quality service.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 6; Exhibit B, p. 263:10-15; 264:2-17.<br><br>Daley Decl., at ¶ 7; Exhibit C, p.<br>79:6-10.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 14:13-21; 30:14-15; 51:1-52:9. | Objection. States a legal conclusion. This is not a managerial function. Also, plaintiff's deposition testimony is taken out of context. He only left the kitchen to talk to guests I there was a problem. The cited deposition testimony of Rebecca Bailey only mentions "guest interactions." It doesn't say anything about visiting tables. The deposition testimony of Aiden Philleo confirms that plaintiff only talked to guests when there were guest concerns. | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff claims that this duty is not a "managerial function." Plaintiff sidesteps actually denying or disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 20. As a Kitchen Manager, Plaintiff was also expected to perform | Objection. States a legal conclusion. | What is material here is that Plaintiff, as a Kitchen Manager, |

27

| | | |
|---|---|---|
| managerial duties, including, but not limited to, the following:<br><br>   -Monitoring employee compliance with various Red Robin policies, such as meal period policies, rest break policies, and food safety and sanitation policies.<br><br>**Red Robin's Evidence:**<br><br>Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 106:25-108:7; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19; 145:4-16; 169:18-21.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; | | was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff merely objects without actually denying or disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 279:22-280:4; 281:2-19; 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | |
| 21.As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>    -Ensuring the health and safety policies for the kitchen and the entire restaurant were followed.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 159:23-160:5. | Objection. States a legal conclusion. | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff merely objects without actually denying or disputing |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 6; Exhibit B, p. 261:4-15; 267:21-268:1.<br><br>Daley Decl., at ¶ 7; Exhibit C, p.<br>79:14-16.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 45:23-46:3.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 60:2-24; 95:7. | | this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 22. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>　-Ensuring the kitchen was properly staffed, monitoring labor costs, and phasing employees as necessary.<br>**Red Robin's Evidence:** | Objection. States a legal conclusion. Also, plaintiff was only allowed to staff kitchen based on budgets prepared by General Manager. The kitchen was always understaffed and staffing was subject to General Manager's approval. (Declaration of Plaintiff, para. 3.) | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Unable to dispute this fact, Plaintiff merely objects and refers to his self- |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16-95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24. | | serving declaration without actually denying or disputing this fact with any relevant, material evidence. |
| Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19. | | **Status: Undisputed.** |
| Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7 | | |
| Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1. | | |
| Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. | | |
| 23. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following: -Recommending employees for hiring | Undisputed. | **Status: Undisputed.** |

31

| | | |
|---|---|---|
| and firing.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 117:1-119:11; 136:16-137:5.<br><br>Daley Decl., at ¶ 7; Exhibit C, p.<br>49:17-20; 56:7-16<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 86:24-87:25.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:19-20; 38:24-39:25. | | |
| 24. As a Kitchen Manager, Plaintiff was also expected to perform managerial duties, including, but not limited to, the following:<br>-Training employees.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 128:6-129:6. | Objection. States a legal conclusion. In addition, the Irvine Red Robin was not a "training" restaurant. Plaintiff never trained any employees. (Exhibit 1 [Depo. of Plaintiff, 98:1-6]; Exhibit 4 [Depo. Of Karin Davie, | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Plaintiff sidesteps actually denying or |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| Daley Decl., at ¶ 7; Exhibit C, p. 50:5-12<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 40:9-41:16; 71:25-72:7. | 81:20]; Exhibit 3 [Dep. Rebecca Baily, 38:21]) | disputing this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 25. Plaintiff acknowledged that as a Kitchen Manager he was expected to perform these managerial duties, although for some he disputes he actually did perform them "[b]ecause there was not enough time in the day."<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 115:24, 143:20-21, 175:3-4. | Objection. States a legal conclusion, is overbroad, and vague and ambiguous as to "these managerial duties." Also misstates plaintiff's testimony. His cited testimony only refers to pre-shift and end of shift meetings with HOH team members, checking the quality of the "prepped sauces," and following the "18 steps." | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty, so it is not a legal conclusion. Plaintiff does not actually deny or dispute this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 26. Plaintiff, like all other | None of the cited | What is material here |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| salaried managers, was expected to use his managerial and supervisory authority to run the shift by supervising, directing and coaching not only the HOH employees, but also the FOH employees as he was normally the manager on duty during the morning shifts he was scheduled to work. | deposition testimony say anything about plaintiff "using his managerial and supervisory authority." | is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty.   Plaintiff does not actually deny or dispute this fact with any relevant, material evidence. |
| **Red Robin's Evidence:** Daley Decl., at ¶ 5; Exhibit A, p. 104:7-11, 106:4-6.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 263:21-265:10; 289:22-290:7, Exhibit 15 (HOH Shift Mechanics).<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12. | | **Status: Undisputed.** |

34

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | |
| 27. This necessarily included the authority to make decisions on behalf of Red Robin and the Irvine restaurant with respect to, for example, customer complaints, service problems, or food quality issues.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 66:21-67:6; 90:8-92:1; 94:16-95:7; 104:7-11, 106:4-6; 106:25-108:7; 145:4-16; 115:17-116:25; 142:17-19; 169:18-21.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 279:22-280:4; 281:2-19; | Objection. Over-broad. Plaintiff only remembers responding to a customer complaint on one occasion. Otherwise, he primarily worked in the kitchen. (Exhibit 1 [Depo. of Plaintiff, 191:10-18]) | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty.   Plaintiff does not actually deny or dispute this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 289:22-290:7.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 60:19-61:12.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | |
| 28. Plaintiff also was expected to exercise his independent judgment and discretion with respect to managing inventory and ordering food and supplies for the kitchen.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 85:2-4; 137:12-14, 139:1-14.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. | This misstates plaintiff's testimony. He had no independent judgement or discretion with respect to managing inventory and ordering food and supplies for the kitchen. (Exhibit 1 [Depo. of Plaintiff, 39:9-18, 138:18-140:18]; Exhibit 3 [Depo. Of Rebecca Bailey, 53:5-23, 172:2-8]; Exhibit 4 [Depo. Of Karin Davie, | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty.   As an example, in Exhibit A, p. 139:1-14, Plaintiff testified how he would do the ordering:<br>    Q  So you would look at the last three |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| 58:4-9; 58:10-11<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 28:21-29:1; 29:2-3.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:24; 46:2-22; 46:23-48:25 | 47:25-48:10, 50:6-15];<br>Declaration of Plaintiff, para. 5.) | weeks, how much you used of a certain product, and create an average, and that would be your par?<br>   A  Correct.<br>   Q  And then how would you know how much to order going forward after you created the par?<br>   A  On hand – if your par is five and you got two, you order three. Plaintiff does not actually deny or dispute this fact with any relevant, material evidence. |
| 29.Plaintiff's authority also extended to kitchen staffing as he was expected to be primarily responsible for interviewing and hiring kitchen staff (i.e. cooks, | Misstates plaintiff's deposition testimony. He was only able to make recommendations. (Exhibit 1 [Depo. of Plaintiff, 117:1-21]) | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed |

37

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS

| | | |
|---|---|---|
| expediters, dishwashers).<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 117:1-119:11; 136:16-137:5.<br><br>Daley Decl., at ¶ 7; Exhibit C, p.<br>49:17-20; 56:7-16<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 86:24-87:25.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:19-20; 38:24-39:25. | | the duty.   Plaintiff does not actually deny or dispute this fact with any relevant, material evidence.<br><br>**Status: Undisputed.** |
| 30.Plaintiff was also expected to discipline HOH employees (and had the authority to discipline FOH employees as well) by verbal coaching or issuing write-ups.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit | Misstates plaintiff's testimony. It states he was only able to verbally coach and issue writeups. | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he actually performed the duty.   Plaintiff does not actually deny or dispute this |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| A, p. 53:5-54:17; 66:21-67:6; 94:16-95:7; 96:11-12; 104:7-11, 106:4-6; 113:15-17; 114:8-13; 115:17-116:25; 119:12-127:18, Exhibit 5 (Team Member Action Logs); 142:17-19 Daley Decl., at ¶ 6; Exhibit B, p. 221:3-6; 235:19-237:6; 263:21-265:10; 281:2-19; 289:22-290:7. Daley Decl., at ¶ 7; Exhibit D, p. 24:1-5; 27:4-12; 38:25-39:7; 60:19-61:12. Daley Decl., at ¶ 8; Exhibit E, p. 33:15-34:6; 34:13-21, Exhibit 6 (Kitchen Manager Job Description); 43:21-44:19; 45:1-22; 51:1-52:24; 59:12-61:12; 94:3-98:25. | | fact with any relevant, material evidence. **Status: Undisputed.** |
| 31.Plaintiff also was expected to control staffing levels at the restaurant. | Misstates plaintiff's testimony. He was expected to "phase" employees and | What is material here is that Plaintiff, as a Kitchen Manager, was expected to |

39

| Red Robin's Evidence: | schedule their hours | perform the listed |
|---|---|---|
| Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16-95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24. | based on budgets prepared by the General Manager. However, he did not have the ability to "control" staffing levels. Otherwise, he would have hired more people to work in the | duty, not that he actually performed the duty.   Plaintiff does not actually deny or dispute this fact with any relevant, material |
| Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19. | kitchen or have the people already working | evidence. |
| Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7 | there work longer hours.  (Topete Declaration, paragraph | **Status: Undisputed.** |
| Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1. | 7.) | |
| Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. | | |
| 32.Plaintiff was expected to create the weekly schedules for the HOH employees and determine the number of HOH employees needed | Plaintiff's deposition testimony is taken out of context. The number of employees scheduled depended on the budgets prepared by the | What is material here is that Plaintiff, as a Kitchen Manager, was expected to perform the listed duty, not that he |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| for each shift.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 96:11-12; 113:15-17.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19; 163:10-164:7. | General Manager. | actually performed the duty. Plaintiff does not actually deny or dispute this fact with any relevant, material evidence. |
| 33.If the restaurant was slow, for instance, Plaintiff was expected to exercise his managerial discretion to "phase" (cut a shift short of what was scheduled) employees.<br><br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 5; Exhibit A, p. 53:5-54:17; 94:16- | Undisputed. | **Status: Undisputed.** |

41

FPDOCS 34365114.1

| | | |
|---|---|---|
| 95:7; 96:11-12; 100:21-101:19; 113:15-17; 114:8-13; 151:23-153:15; 155:13-156:11; 184:1-185:24.<br><br>Daley Decl., at ¶ 6; Exhibit B, p. 250:20-252:19.<br><br>Daley Decl., at ¶ 7; Exhibit C, p. 163:10-164:7<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 38:25-39:7; 39:19-40:1.<br><br>Daley Decl., at ¶ 8; Exhibit E, p. 33:17-19. | | |
| 34. Red Robin was not on notice that Plaintiff was deviating from Red Robin's expectation that Plaintiff's primary duty as a Kitchen Manager was to perform managerial duties concerning the kitchen, | Objection. Irrelevant. Defendant should have known that plaintiff spent more than half his time doing non-exempt work. (Topete Declaration, paras. 2-8; Carpenter Declaration, paras. 2-4; Exhibit 4 | Unable to dispute this fact, Plaintiff claims that this fact irrelevant, but sidesteps actually denying or disputing this fact with any relevant, material evidence. |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently.<br><br>**Red Robin's Evidence:** Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13-209:24; 235:13-18; 278:16-18.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. | [Depo. Of Karin Davie, 52:25-53:4, 53:19-24; 83:11-84:14, 86:10-88:8, 89:16-92:17]; Exhibit 3 [Depo. of Rebecca Bailey, 15:20-16:6]) | |
| 35. Plaintiff never complained to human resources that he was spending significant amounts of time on non-managerial tasks despite having complained about two other employment-related issues in the past.<br><br>**Red Robin's Evidence:** Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13- | Objection. Irrelevant. Also, Human Resources received an e-mail from a Regional Operations Director on March 28, 2017, reporting that plaintiff "feels like he was working too hard with Watson and was forced into hourly positions." (Ex. 7; Exhibit 4 [Depo. of | Unable to dispute this fact, Plaintiff claims that this fact irrelevant, but sidesteps actually denying or disputing this fact with any relevant, material evidence.<br><br>Plaintiff points to an email (Plaintiff's Exhibit 7) where |

REPLY TO PLAINTIFF'S DISPUTED SEPARATE STATEMENT OF FACTS
FPDOCS 34365114.1

| | | |
|---|---|---|
| 209:24; 235:13-18; 278:16-18.<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. | Karin Davie, 85:24-86:8]) | Plaintiff purportedly complained to a manager *at another location while he was out on leave shortly before his termination* that he was forced into doing hourly positions.  Such a random "complaint" to someone who was neither Plaintiff's supervisor nor even an employee at the restaurant at which Plaintiff worked does not put Red Robin on notice of any "possibility" that Plaintiff may have been misclassified as exempt. |
| 36. Plaintiff also never complained to any governmental agency that he was spending | Objection. Irrelevant. | Unable to dispute this fact, Plaintiff claims that this fact irrelevant, but |

44

| | | |
|---|---|---|
| significant amounts of time on non-managerial tasks.<br>**Red Robin's Evidence:** Daley Decl., at ¶ 6; Exhibit B, p. 204:15-23; 205:13-209:24; 235:13-18; 278:16-18. | | sidesteps actually denying or disputing this fact with any relevant, material evidence. |
| 37. Likewise, no other employee indicated to Red Robin that Plaintiff was spending most of his time on non-managerial tasks.<br>**Red Robin's Evidence:** Daley Decl., at ¶ 7; Exhibit C, p. 42:6:44:9; 46:4-22<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4. | Objection. Irrelevant. | Unable to dispute this fact, Plaintiff claims that this fact irrelevant, but sidesteps actually denying or disputing this fact with any relevant, material evidence. |
| 38. In fact, Plaintiff's supervisor, the Irvine GM, as well as the Irvine restaurant's ROD, both believed that Plaintiff's primary duties | Misstates the testimony of Rebecca Bailey and Aiden Philleo. Neither of them said this in the cited deposition testimony. In addition, | What is material here is that Plaintiff's supervisors expected that Plaintiff, as a Kitchen Manager, to perform managerial |

45

FPDOCS 34365114.1

| | | |
|---|---|---|
| were to perform managerial duties concerning the kitchen, supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently, and neither of them observed him spending most of his time on non-managerial tasks.<br>**Red Robin's Evidence:**<br>Daley Decl., at ¶ 7; Exhibit C, p. 42:6:44:9; 46:4-22<br><br>Daley Decl., at ¶ 7; Exhibit D, p. 62:2-4; 76:8-23 | Rebecca Bailey only visited the Irvine Red Robin once every 4 to 6 to 8 weeks and Aiden Philleo was only the General Manager at the Irvine Red Robin for about a year while plaintiff was also employed there. (Exhibit 3 [Depo. Of Rebecca Bailey, 24:25-25:11]; Exhibit 2 [Depo. Of Adin Philleo, 7:3-9]) | duties concerning the kitchen, supervise both FOH and HOH employees, and run the shift he was assigned smoothly and efficiently, and that neither of Plaintiff's supervisors observed him spending most of his time on non-managerial tasks. Plaintiff does not actually deny or dispute this fact with any relevant, material evidence. |

Dated:  August 6, 2018                    Respectfully submitted,

                                          FISHER & PHILLIPS LLP


                              By:  /s/ Sean F. Daley
                                   LONNIE D. GIAMELA
                                   SEAN F. DALEY
                                   Attorneys for Defendant
                                   Red Robin International, Inc.

FPDOCS 34365114.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On August 6, 2018 I served the foregoing document entitled **DEFENDANT RED ROBIN INTERNTIONAL, INC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Jonathan Jackel                                  Attorney for Plaintiff
Nora Rousso                                       Marciano Topete
ROUSSO & JACKEL
116 E. Campbell Ave., Suite 2         Tel: (408) 378-3200
Campbell, California 95008              Fax: (408) 378-3202
                                                          jonathan@roussojackel.com
                                                          nora@roussojackel.com

☐　　**[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒　　**[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐　　**[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed August 6, 2018 at Los Angeles, California.

Mayra Lazcano                          By: */s/Mayra Lazcano*
Print Name                                                Signature