JONATHAN JACKEL  (129146)
NORA ROUSSO (150275)
ROUSSO & JACKEL
116 E. Campbell Ave., Suite 2
Campbell, California 95008

Telephone: (408) 378-3200
Facsimile:  (408) 378-3202

Attorneys for Plaintiff
MARCIANO TOPETE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARCIANO TOPETE,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada Corporation, doing business as RED ROBIN BURGER AND SPIRITS EMPORIUMS,  and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 8:17-CV-01721 AG (JDEx)<br>*[Originally Orange County Superior Court Case No.: 30-2017-00930423-CU-OE-CJC]*<br><br>Hon. Andrew J. Guilford, Dept. 10D<br><br>**PLAINTIFF MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Pre-Trial Conference</u><br>Date:         September 17, 2018<br>Time:        8:30 a.m.<br>Location:   Courtroom 10D<br><br>Complaint Filed:    July 7, 2017<br>FAC Filed:             July27, 2017<br>Trial Date:             October 2, 2018 |

Pursuant to Central District of California Local Rule 16-4, plaintiff Marciano Topete respectfully submits the following Memorandum of Contentions of Fact and Law.

I. **INTRODUCTION**

This is a misclassification case between Plaintiff MARCIANO TOPETE ("Plaintiff") and his former employer, RED ROBIN INTERNATIONAL, INC. ("Defendant" or "Red Robin").  The legal claims in this case center around a core set of facts.  Red Robin employed Plaintiff as a "Kitchen Manager" at one of its restaurants in Irvine, California.  Red Robin misclassified Plaintiff as exempt

from overtime, meal periods and rest periods under applicable state and federal law. Plaintiff challenges his exemption status and seeks unpaid wages, damages for missed meal and rest breaks, and related penalties regarding the misclassification.

While plaintiff has the burden of proving that he worked overtime and was unable to take uninterrupted and duty-free meal and rest breaks, defendant has the burden of proving that he was "exempt." Whether plaintiff was exempt depends on whether his "primary" duty was management. Plaintiff contends that defendant will not be able to prove thia was because his primary duty was making sure that all of the food got out of the kitchen the way Red Robin wanted it and in a timely manner while saving money on labor costs. This required plaintiff to spend most of his time doing "non-exempt" work.

II. **CLAIMS AND DEFENSES**

　　A.　　**SUMMARY OF PLAINTIFF'S CLAIMS**

The threshold claim that must be determined is whether plaintiff was improperly classified as an exempt employee. Assuming that plaintiff was, he must prove the following claims against Red Robin:

Claim No. 1: Failure to pay overtime wages in violation of California Labor Code sections 510 and 1194;

Claim No. 2: Violation of Federal Fair Labor Standards Act ("FLSA");

Claim No. 3: Failure to provide meal and rest breaks in violation of California Labor Code section 226.7;

Claim No. 4: "Waiting Time" penalties pursuant to California Labor Code section 203;

Claim No. 5: Failure to provide itemized wage statements in violation of California Labor Code section 226; and

Claim No. 6: Violation of unfair competition law pursuant to California Business and Professions Code section 17200, *et seq*.

## B. ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS

### 1. Elements Required to Prove Plaintiff's Claim that Red Robin Failed to Pay Overtime Wages in Violation of California Labor Code Sections 510 and 1194.

Plaintiff claims that Red Robin owes him overtime pay as required by California Labor Code sections 510 and 1194.  To establish this claim, Plaintiff must prove:

1. That Plaintiff performed work for Red Robin;
2. That Plaintiff worked overtime hours;
3. That Red Robin knew or should have known that Plaintiff had worked overtime hours;
4. That Plaintiff was not paid or paid less than the overtime rate for some or all of the overtime hours worked; and
5. The amount of overtime pay owed.

Wage and hour claims are governed by two sources of authority: the provisions of the California Labor Code, and wage orders adopted by the Industrial Welfare Commission ("IWC"). *See Mendiola v. CPS Security Solutions, Inc.* (2014) 60 Cal.4th 833, 838.  The wage orders require that employees be paid time and a half for all hours worked in excess of eight hours in a day unless the employee is exempt.  Wage Order 5-2001 is the applicable wage order.

The assertion of an employee's exemption is an affirmative defense which defendant has the burden of proving. *Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 794. Wage order 5-2001 provides an exemption for "executives" which is commonly referred to as the "management" exemption. This exemption requires that

    (a) The employee's duties and responsibilities involve management of the enterprise or a customarily recognized department of that enterprise;

    (b) The employee customarily and regularly directs the work of two or more other employees;

(c) The employee has the authority to hire or fire other employees or their suggestions and recommendations are given "particular weight;"

(d) The employee customarily and regularly exercises discretion and independent judgment; and

(e) The employee is "primarily" engaged in duties which meet the test of the exemption.

Section 2(O) of Wage Order 5-2001 defines "primarily" as "more than one-half of the employee's time. Subsection 1(B)(1)(e) states that "[t]he work actually performed by the employee during the course of the work week must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic expectations of the job, shall be considered in determining whether the employee satisfies this requirement." It is not a two step process where an employer can prove the exemption with evidence of its expectations.

.

### 2. Elements Required to Prove Plaintiff's Claim that Red Robin Violated the FLSA.

Plaintiff claims that Red Robin owes him overtime pay as required by the FLSA. To establish this claim, Plaintiff must prove:

1. That Red Robin employed Plaintiff during the time period involved;

2. That Plaintiff's work was engaged in commerce or in the production of goods for commerce, or that Red Robin's business or business under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had an annual gross sales of at least $500,000.00; and

3. That Red Robin failed pay Plaintiff overtime pay required by law.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is

generally two years, but extends to three years if the claim "aris[es] out of a willful violation." 29 U.S.C. § 255(a). An employer's violation of the FLSA is "willful" if the employer either knew or acted with reckless disregard for whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). Even when an employer doesn't know it is violating the FLSA it's conduct is "willful" where it disregards the "possibility" of a violation. *Herman v. RSR Security Services LTD.,* 172 F. 3d 132, 141 (2nd Cir. 1999).

This claim is derivative of Plaintiff's claim that he was misclassified as exempt. Federal regulations by the Wage and Hour Division of the U.S. Department of Labor govern exemptions from the overtime requirements of the FLSA. *See* 29 C.F.R. § 541.100. *et seq.*

### 3. Elements Required to Prove Plaintiff's Claim that Red Robin Failed to Provide Meal and Rest Breaks in Violation of California Labor Code Section 226.7.

Plaintiff claims that Red Robin failed to provide him meal and rest breaks in violation of California Labor Code section 226.7. To establish this claim for failure to provide meal breaks pursuant to California Labor Code section 512, Plaintiff must prove that Red Robin did not provide Plaintiff with a meal period of at least 30 minutes on shifts of more than five hours. An employer satisfies its obligation if it:

1. Relieves employees of all duty;
2. Relinquishes control over their activities;
3. Permits them a reasonable opportunity to take an uninterrupted 30-minute break; and
4. Does not impede or discourage them from doing so.

*Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1040 (2012).

To establish this claim for failure to provide rest breaks pursuant to Section 12 of the applicable Wage Order, Plaintiff must prove that Red Robin did not authorize and permit Plaintiff to take a 10 minute rest break on shifts he worked of at least 3 ½ hours. *August v. ABM Security Srvcs., Inc.*, 2 Cal.5th 257 (2016).

### 4. Elements Required to Prove Plaintiff's Claim that He is Owed "Waiting Time" Penalties.

Plaintiff claims that Red Robin owes him "waiting time" penalties pursuant to California Labor Code section 203. To establish this claim and recover a civil penalty, Plaintiff must prove:

1. That Plaintiff was discharged or quit;
2. The date on which Plaintiff was discharged or quit;
3. That Red Robin failed to pay Plaintiff all wages due by the date each Plaintiff was discharged or quit;
4. Plaintiff's daily wage rate at the time he was discharged or quit; and
5. That Red Robin willfully failed to pay these wages.

"Willful" under Labor Code Section 203 means an employer intentionally failed or refused to perform a required act. *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (2002) 102 Cal. App. 4th 765, 781. "It does not mean that the employer's refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workers of wages which the employer knows to be due." *Ibid.* As a result, it is the employer's failure or refusal to pay wages owed to employee that makes it "willful." Nonetheless, "[a]n employer's good faith mistaken belief that wages are not owed may negate a finding of willfulness." *Id.* at 782.

### 5. Elements Required to Prove Plaintiff's Claim that Red Robin Failed to Provide Itemize Wage Statements in Violation of California Labor Code Section 226.

Plaintiff claims that Red Robin failed to provide itemized wage statements in violation of California Labor Code section 226. To establish this claim, Plaintiff must prove that Red Robin failed to provide a document or set of documents that sets forth:

    a. Gross wages;
    b. Total hours worked by the employee;

   c. The number of piece rate units, if the employee was paid by piece rate;

   d. The deductions; and

   e. Net wages earned;

   f. The inclusive dates in which the wages were earned;

   g. The name and address of the employer; and

   h. All applicable hourly rates in the pay period.

*See* Labor Code § 226(a).

### 6. Elements Required to Prove Plaintiff's Claim that Red Robin Violated California Business and Professions Code Section 17200.

Business and Professions Code section 17200 prohibits unlawful, unfair, or fraudulent business acts or practices. Plaintiff claims that Red Robin violated section 17200, *et seq*. To establish this claim, Plaintiff must prove one of the following:

1. Red Robin violated a law;
2. Red Robin's business practices were unfair, that is they offend an established public policy or are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers; or
3. Red Robin's business practices were fraudulent, that is the public is likely to be deceived by Red Robin's business practices.

The withholding of wages constitutes an unfair and fraudulent business practice under Business and Professions Code Section 17200. The remedy is restoration of all wages withheld during the four year period before filing the complaint. *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163.

**B.     KEY EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIMS**

Plaintiff will present oral testimony by his witnesses that he worked an average of 55 hours per week and spent most of his time doing the same work as non-exempt employees. He will also present oral testimony that he was unable to take uninterrupted duty-free meal and rest breaks. Circumstantial evidence will be offered showing that defendant knew or should have known that plaintiff was working these hours, spent most of his time doing the same work as non-exempt employees, and was unable to take uninterrupted duty-free meal and rest breaks.

The threshold issue is whether plaintiff was properly classified as an exempt employee. Defendant has the burden of proving this. Nonetheless, plaintiff will offer oral testimony and documentary evidence refuting defendant's claim that plaintiff was exempt as a manager. This includes, but is not limited to, the following evidence:

1. Plaintiff spent most of his time doing manual labor. This is because he was limited by the budget provided to him by the general manager. The budget was not large enough to fully staff the kitchen. Plaintiff was expected to make up the difference by doing the same hourly jobs as other kitchen employees.
2. Plaintiff only spent a small fraction of his time managing other employees.
3. The kitchen at the Red Robin in Irvine was not hidden from view, so the general manager and assistant managers could easily see what plaintiff was doing.
4. Defendant's alleged expectation that plaintiff spend most of his time managing other employees was unrealistic because the kitchen was understaffed.
5. The non-exempt employees working in the kitchen required very little supervison.
6. Plaintiff had no discretion as to items on the menu; the menu is the same for customers across the country.
7. Plaintiff was unable to exercise independent judgement or discretion with respect to managing inventory and ordering food and supplies for the kitchen.

8. Every step of the process for preparing food is controlled by specifications contained in the "Pocket Pal," which includes standards for cleaning, storing food, and recipes. It specifies the exact proportions for every item on the menu.

9. Plaintiff did not train employees.

10. Defendant expected managers to do everything they could to serve guests quickly and to ensure that food and drink were prepared according to Red Robin's specifications.

11. The earnings statements defendant provided to plaintiff each state he worked "80 hours" every two weeks, except for pay periods in which he was on vacation, was out sick, or was on limited duty. This infers defendant's knowledge that plaintiff should have been paid by the hour.

12. Defendant knew that from "time to time" plaintiff and other managers had to step in to cook and wash dishes.

### 1. Key Evidence in Support to Plaintiff's Claim that Red Robin Failed to Pay Overtime Wages in Violation of California Labor Code Sections 510 and 1194.

Plaintiff will prove a reasonable estimate of overtime hours based on the written schedules and oral testimony. There is no need for plaintiff to provide evidence of the exact hours he worked each day because it is the employer's obligation to keep and maintain such records. This was the holding in *Anderson v. Mt. Clemons Pottery Co.,* 328 U.S. 680, 687-688 (1945) which shifts the burden of proof to the employer:

> When the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an

employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation, we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

### 2. Key Evidence in Support of Plaintiff's Claim that Red Robin Violated the FLSA.

Assuming Plaintiff was misclassified as exempt, Plaintiff will be able to prove a reasonable estimate of overtime hours based on the written schedules and oral testimony. Defendant has the burden of proving that plaintiff didn't worked the hours claimed because it didn't keep records of the hours he worked.

Defendant claims that its misclassification of plaintiff was not willful, which would limit the statute of limitation to two years. Plaintiff's evidence will show that defendant should have known that there was a distinct "possibility" that the amount of time plaintiff spent performing non-exempt duties would make him non-exempt under the FLSA, making defendant's misclassification of plaintiff "willful."

### 3. Key Evidence in Support of Plaintiff's Claim that Red Robin Failed to Provide Meal and Rest Breaks in Violation of California Labor Code Section 226.7.

Assuming Plaintiff was misclassified as exempt, Plaintiff will prove through oral testimony that he was not able to take uninterrupted duty-free meal or breaks because defendant was understaffed and managers were never told that they could take meal or rest breaks.

### 4. Key Evidence in Support of Plaintiff's Claim that He is Owed "Waiting Time" Penalties.

Assuming that plaintiff was misclassified as exempt, defendant's failure to pay all the overtime hours owed to him upon his termination is evidence of a willful violaiton. Defendant has the burden of proving that its failure to do so was in "good faith."

### 5. Key Evidence in Support of Plaintiff's Claim that Red Robin Failed to Provide Itemize Wage Statements in Violation of California Labor Code Section 226.

Assuming plaintiff was misclassified as exempt, his earnings statements and plaintiff's testimony about the hours he worked will prove that defendant failed to provide earnings statements with accurate information about the number of hours worked by plaintiff. Defendant's alleged "good faith" misclassification of plaintiff as exempt is not a defense.

### 6. Key Evidence in Support of Plaintiff's Claim that Red Robin Violated California Business and Professions Code Section 17200.

Assuming plaintiff was misclassified as exempt, the same evidence proving that he should have been paid overtime also proves liability for an additional year of overtime under Business and Professions Code Section 17200.

### D. SUMMARY OF DEFENDANT'S AFFIRMATIVE DEFENSES

<u>FIRST AFFIRMATIVE DEFENSE</u>: Plaintiff's First Amended Complaint ("FAC"), and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Red Robin.

This is not an actual defense. It is only challenges the pleadings.

SECOND AFFIRMATIVE DEFENSE: The FAC, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: California Code of Civil Procedure sections 338, 339, 340, and 343, California Labor Code section 203, California Business and Professions Code section 17208, and 29 U.S.C. section 255(a).

The statute of limitations should not be an issue in this case. It is undisputed that the statute of limitation for violations of the California Labor Code is three years, that the statute of limitations for violation of California Business and Professions Code Section 17208 is four years, and that the statute of limitation for violation of the FLSA is two or three years, depending on whether the violation is found to be "willful."

THIRD AFFIRMATIVE DEFENSE: Plaintiff is estopped by his conduct from asserting any cause of action against Red Robin or from recovering any relief sought in the FAC, or in any purported cause of action alleged therein.

This is essentially asking the court to rule that plaintiff has waived his claims arising from defendant's violation of the California Labor Code and the FLSA. The right to be paid all wages owed cannot be waived as a matter of public policy. (See: Labor Code Section 206.5, 29 U.S.C. Section 202, *Gentry v. Superior Court* (2007) 42 Cal. 4th 443, 455.)

FOURTH AFFIRMATIVE DEFENSE: By his conduct, Plaintiff must waive any right to recover any relief sought in the FAC, or in any purported cause of action alleged therein.

The right to be paid all wages owed cannot be waived as a matter of public policy. (See: Labor Code Section 206.5, 29 U.S.C. Section 202, *Gentry v. Superior Court* (2007) 42 Cal. 4th 443, 455.)

SIXTH AFFIRMATIVE DEFENSE: Plaintiff was paid all wages due him on a timely basis pursuant to the requirements contained in the California Labor Code, any applicable California wage order, or the Fair Labor Standards Act.

This requires defendant to prove that Plaintiff was properly classified as an exempt

employee under the applicable Wage Order and federal regulations.

SEVENTH AFFIRMATIVE DEFENSE: Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Red Robin did not willfully or knowingly fail to comply with the compensation provisions of the California Labor Code or any applicable wage order, but rather acted at all times with the good faith and reasonable belief that Plaintiff was compensated as required by law.

This requires defendant to prove that it acted in "good faith" when it misclassified plaintiff as exempt.

EIGHTH AFFIRMATIVE DEFENSE: Any recovery on Plaintiff's FAC or any cause of action therein is barred on the ground that to the extent he did work any overtime, which Red Robin denies because Plaintiff was exempt, such work was unauthorized by Red Robin and performed without Red Robin's knowledge.

"Unauthorized" overtime is not a defense unless the employer has no reason to know about it.

NINTH AFFIRMATIVE DEFENSE: Plaintiff's claims for meal and rest period violations are barred to the extent that Plaintiff affirmatively chose not to take or waived meal periods, which were provided, and rest breaks, which were authorized and permitted.

This requires defendant to prove that Plaintiff was properly classified as exempt.

TENTH AFFIRMATIVE DEFENSE: Plaintiff's claims are barred by the doctrine of accord and satisfaction because Plaintiff was properly and fully compensated for all work performed for Red Robin, and acceptance of these payment constituted an accord and satisfaction for all debts, if any, owed by Red Robin.

This requires defendant to prove that plaintiff was properly classified as exempt.

ELEVENTH AFFIRMATIVE DEFENSE: Plaintiff is not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of Red Robin's conduct, and are

unconstitutional under Article I, Section VII, of the California Constitution.

There is no legal precedent for such a defense.

TWELFTH AFFIRMATIVE DEFENSE: Plaintiff is not eligible as a matter of law for waiting time penalties under Labor Code section 203 because a good faith dispute existed as to whether Plaintiff was provided, or entitled to, meal periods within the meaning of Sections 226.7 and 512 of the Labor Code and/or any applicable wage order.

This requires defendant to prove that Plaintiff was properly classified as an exempt employee under the applicable Wage Order and federal regulations, and that Red Robin classified Plaintiff as exempt in good faith.

THIRTEENTH AFFIRMATIVE DEFENSE: Any recovery on Plaintiff's FAC or any cause of action therein is barred on the ground thatto the extent Plaintiff did work any overtime or off-the-clock, which Red Robin denies, such work was not authorized by Red Robin and was performed without Red Robin's actual or constructive knowledge.

This requires defendant to prove that Plaintiff was properly classified as exempt.

FOURTEENTH AFFIRMATIVE DEFENSE: Red Robin is informed and believes, and based upon such information and belief alleges, that Plaintiff's allegations are barred, in whole or in part, to the extent that Plaintiff failed to comply with his employee obligations and pertinent duties pursuant to California Labor Code section 2857 and 2859.

An employee's failure to comply with either of these code section is not a defense to money owed for the employer's failure to pay overtime or allow uninterrupted duty-free meal and rest breaks..

FIFTEENTH AFFIRMATIVE DEFENSE: Plaintiff's cause of action pursuant to the Fair Labor Standards Act is barred, in whole or in part, by operation of the Portal-to-Portal Act as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

This should not be an issue as plaintiff is not claiming that he is owed any money for the

hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

SIXTEENTH AFFIRMATIVE DEFENSE: Plaintiff's claim for unpaid overtime must be calculated on a half-time basis, rather than on a one and a half time basis as alleged, pursuant to 29 C.F.R. section 778.114.

This code section only applies to employees who are paid a fixed salary for fluctuating hours, which is not the case here.

SEVENTEENTH AFFIRMATIVE DEFENSE: Plaintiff's FAC fails to properly state a claim for attorney's fees under California Labor Code section 218.5, California Business and Professions Code section 17200 et seq., 28 U.S.C. section 216(b), or any other basis.

This requires defendant to provide that Plaintiff was properly classified as exempt.

EIGHTEENTH AFFIRMATIVE DEFENSE: Plaintiff's FAC, and each and every cause of action therein, is barred because Red Robin's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, did not amount to any unfair business practices, and constituted lawful, proper and justified means to further Red Robin's purpose to engage in and continue its business activities.

This requires defendant to prove that Plaintiff was properly classified as exempt.

NINETEENTH AFFIRMATIVE DEFENSE: The FAC, and each and every cause of action therein, fails to the extent that even if Plaintiff was not paid for all work performed, such work is not compensable and any alleged underpayment of wages to Plaintiff and/or the putative class members was de minimis. Pursuant to the de minimis doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

Plaintiff is not claiming that he was not paid for de minimis time "off the clock," as there was no clock or any device used to record the hours he worked.

TWENTIETH AFFIRMATIVE DEFENSE: At all times Red Robin was acting in good

faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

This requires defendant to prove that Plaintiff was properly classified as exempt employee and that it classified Plaintiff as exempt in good faith.

TWENTY-FIRST AFFIRMATIVE DEFENSE: The alleged losses of Plaintiff, if any, are speculative and uncertain or both, and therefore not compensable.

Defendant has the burden of proving the hours that plaintiff actually worked because it failed to keep records of his hours. ( *Anderson v. Mt. Clemons Pottery Co.,supra.)*

TWENTY-SECOND AFFIRMATIVE DEFENSE: Plaintiff has not suffered any losses and Red Robin has not been unjustly enriched as a result of any action or inaction by Red Robin or its agents. Plaintiff is therefore not entitled to any disgorgement or restitution.

This requires defendant to prove that plaintiff was properly classified as exempt.

TWENTY-THIRD AFFIRMATIVE DEFENSE: Plaintiff's claim for his damages or penalties under Labor Code section 226 is barred in whole or in part as Plaintiff has suffered no injury as a result of any alleged actions by Red Robin.

This requires defendant to prove that plaintiff was properly classified as exempt.

TWENTY-FIFTH AFFIRMATIVE DEFENSE: Any recovery on Plaintiff's FAC, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff qualifying for exemptions from overtime provided under the California Labor Code, Industrial Welfare Commission Wage Order and Fair Labor Standards Act.

This requires defendant to prove that Plaintiff was properly classified as an exempt employee under the applicable Wage Order and federal regulations.

**E.  THIRD PARTY STATEMENTS**

Red Robin is not aware of any similar third party statements.

**F.  IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES**

Plaintiff does not anticipate any significant evidentiary issues.

### III. BIFURCATION OF ISSUES (L.R. 16-4.3)

Plaintiff does not intend to move to bifurcate any of the issues.

### IV. JURY TRIAL (L.R. 16-4.4)

The parties have agreed to waive a jury trial and proceed with a bench trial.

### V. ATTORNEYS' FEES (L.R. 16-4.5)

Plaintiff will entitled to attorney fees, assuming he prevails on his claims for overtime under the California Labor Code and the FLSA. (California Labor Code Section 1194; 29 U.S.C. Section 216.)

### VI. ABANDONMENT OF ISSUES (L.R. 16-4.6)

Plaintiff has not abandoned any of his pleaded claims.

ROUSSO & JACKEL

Dated: August 28, 2018  By:  /s/ *Jonathan Jackel*
JONATHAN JACKEL
Attorneys for Plaintiff