UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTS RED ROBIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This is a labor misclassification case between Plaintiff Marciano Topete and his former employer Red Robin International, Inc. Topete started working as a Kitchen Manager in an Irvine Red Robin mid-2008. Red Robin paid him an annual salary rather than hourly wages. According to his job description, Topete was supposed to oversee other Red Robin employees and perform discretionary managerial tasks. But the parties dispute what duties Topete actually performed and whether those duties qualified him as an "exempt" employee. Setting that dispute aside, Red Robin asks the Court to limit its potential liability on some of Topete's claims through partial summary judgment.

The Court GRANTS IN PART Red Robin's motion for partial summary judgment. (Dkt. No. 17.)

### 1. LOCAL RULE COMPLIANCE

Topete contends that Red Robin didn't sufficiently comply with the Local Rules before filing its motion. Specifically, Topete argues that Red Robin "failed to wait until seven days after meeting and conferring with plaintiff" to file its summary judgment motion, instead filing it roughly five days after sending a meet and confer letter, violating Local Rule 7-3. (Opp'n, Dkt. No. 19 at 15.) The Court strongly discourages any attempts at gamesmanship from the parties but cannot conclude that Red Robin received any unfair advantage based on its failure to follow the meet and confer waiting period requirement—the issues are now fully briefed before the Court. The Court cautions the parties that failure to follow Local Rules moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

forward may result in sanctions, but in the interest of justice the Court considers the parties' summary judgment briefing on the merits.

### 3. STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The central inquiry is whether the evidence creates "sufficient disagreement to require submission to a jury," or is "so one-sided" that one party "must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). At this stage, the Court must view the facts and draw all reasonable inferences "in the light most favorable" to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the burden shifts to the opposing party to establish facts showing that a genuine issue of disputed fact remains. *Id.* at 324.

### 4. ANALYSIS

Red Robin's arguments for summary judgment all have the same theme. The company acknowledges that there's a genuine dispute about whether Topete was actually misclassified. (*See* Mot., Dkt. No. 17-1 at 1.) But Red Robin argues that, even if Topete was misclassified, his wage and hour claims should be limited because Red Robin had a good faith basis to believe that Topete was an exempt employee and because there isn't any evidence that Red Robin willfully misclassified Topete.

The Court separately addresses how these arguments affect Topete's state and federal claims.

#### 4.1   California Waiting Time Penalties

Red Robin argues that Topete's claim for "waiting time" penalties under California Labor Code section 203 fails. Under section 203, if an employer "*willfully* fails to pay" the "wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

commenced; but the wages shall not continue for more than 30 days." (emphasis added). "The settled meaning of 'willful,' as used in section 203, is that an employer has intentionally failed or refused to perform an act which was required to be done." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008). A "good faith dispute" about the employee's wages prevents a finding of willfulness and "will preclude imposition of waiting time penalties under Section 203." Cal. Code Regs. tit. 8, § 13520. "A 'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee." Cal. Code Regs. tit. 8, § 13520(a).

So the question is whether Red Robin "willfully" misclassified Topete, entitling him to penalties under section 203. The parties agree that the appropriate place to look to determine whether Topete was an exempt employee is California's Industrial Welfare Commission Wage Order 5-2001. According to Wage Order 5-2001, an employee who is employed in an "executive capacity" includes any employee:

(a) Whose duties and responsibilities involve the management of the enterprise in which he or she is employed or of a customarily recognized department or subdivision thereof; and
(b) Who customarily and regularly directs the work of two or more other employees therein; and
(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
(d) Who customarily and regularly exercises discretion and independent judgment; and
(e) Who is primarily engaged in duties which meet the test of the exemption.

An employee is "primarily engaged" in exempt work if he spends more than half his time on exempt work. Wage Order 5-2001 § 2(O). "The work actually performed by the employee during the course of the work week must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether" the employee is exempt. Wage Order 5-2001 § 1(B)(1)(3); *see also Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 802 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

Red Robin argues that it didn't willfully misclassify Topete under these standards. (Mot., Dkt. No. 17-1 at 9.) Red Robin argues that many of the duties it expected Topete to perform as a Kitchen Manager fit within the exemption described previously. For example, Topete testified that he was supposed to conduct pre- and post-shift meetings with the other kitchen workers (Dkt. No. 17-4 at 115–116), that he was instructed to recommend others to be hired for kitchen positions (Dkt. No. 17-14 at 117:12–13), and that he scheduled other employees shifts (Dkt. No. 17-4 at 96:11–12). Topete doesn't dispute that he was "expected to exercise his managerial discretion to 'phase'" or cut short an employee's shift. (Statement of Uncontroverted Fact No. 33.) He also doesn't dispute that he was instructed to "coach" other employees and issue write-ups to discipline employees. (Statement of Uncontroverted Fact No. 30.) Further, the job description for a Red Robin Kitchen Manager says that Kitchen Managers "[m]anage day to day operation," "[o]ptimize profit by scheduling labor efficiently," "[i]ncrease sales by ensuring Guest satisfaction and prompt problem resolution," "[r]esponsibly delegate and follow up on tasks," "[s]et performance expectation and monitor training process," and "[d]irectly supervise 40-60 . . . employees." (Statement of Uncontroverted Fact No. 7.) All these facts tend to show that Red Robin had some basis to believe that Topete was an exempt employee under Wage Order 5-2001.

Topete argues that Red Robin "knew that classifying plaintiff as exempt under California law required that he spend more than half his time on exempt duties" but that there isn't any "evidence that [Red Robin] ever tried to make this determination." (Opp'n, Dkt. No. 19.) Topete also argues that all he "needs to show is that he was improperly classified as exempt" to show that Red Robin's alleged misclassification was willful. (*Id.* at 10.) These arguments aren't convincing. "So long as no other evidence suggests the employer acted in bad faith, presentation of a good faith defense, based in law or fact, will negate a finding of willfulness" under section 203. *Amaral*, 163 Cal. App. 4th at 1204. While Topete contends that he spent more than half his time on non-exempt duties, the question of whether he was actually misclassified is a question for a different day. For now, he hasn't presented sufficient evidence to show that Red Robin intentionally failed to reclassify him as a non-exempt employee, particularly considering the evidence showing Red Robin's expectation that Topete's duties included mostly exempt work. *See* Cal. Code Regs. tit. 8, § 13520 (good faith defenses that are not "unsupported by any evidence," "unreasonable," or "presented in bad faith" preclude waiting time penalties).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

Partial summary judgment in Red Robin's favor on Topete's waiting time penalty claim is appropriate.

### 4.2   Fair Labor Standards Act Statute of Limitations

Red Robin argues that Topete's claim for overtime wages under the Fair Labor Standards Act should be limited by the two-year rather than the three-year statute of limitations. The FLSA provides that the two year statute of limitations generally applies to FLSA claims unless a claim stems from a "willful violation," making the three-year statute of limitations apply. 29 U.S.C. § 255(a). A defendant's violation of the FLSA isn't willful unless "it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130–35 (1988).

So for the three-year statute of limitations to apply, Red Robin must have "willfully" treated Topete as an exempt employee. The FLSA requirements governing whether Topete was or wasn't exempt are slightly different than those under California law. Under the FLSA, an employee is exempt if the employee is (1) a salaried employee (with certain salary requirements not in dispute here); (2) whose primary duty is "management"; (3) who customarily and regularly directs the work of two or more employees; and (4) who has the authority to hire or fire other employees or whose recommendations as to hiring and firing are given particular weight. 29 C.F.R. § 541.100(a). The "primary duty" analysis under federal law looks at what the employee's "principal, main, major or most important duty that the employee performs" and requires looking closely at "the character of the employee's job as a whole." *Id.* The amount of time spent performing exempt and non-exempt work "can be a useful guide" in deciding what an employee's "primary duty" is. *Id.* Examples of managerial work include directing the work of employees, recommending employees for promotions, disciplining employees, planning work, and apportioning work among the employees. 29 C.F.R. § 541.102.

Topete cannot show a "willful" violation of the FLSA. Consistent with the previous discussion under California law, Red Robin had some basis to conclude that Topete's primary duties would be managerial. While Topete argues that he did not, in reality, perform managerial duties more than half the time he worked as a Kitchen Manager, he doesn't provide evidence showing that Red Robin "knew or showed reckless disregard" for his purported status as a non-exempt employee. *See McLaughlin*, 486 U.S. at 131.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-01721 AG (JDEx) | Date | August 30, 2018 |
|---|---|---|---|
| Title | MARCIANO TOPETE v. RED ROBIN INTERNATIONAL, INC. | | |

The two-year statute of limitations applies to Topete's FLSA claim, and partial summary judgment on any violations outside that period is appropriate.

### 4.3  Fair Labor Standards Act Liquidated Damages

Red Robin argues that Topete isn't entitled to liquidated damages under the FLSA because Red Robin had a good faith and reasonable belief that Topete was a non-exempt employee. Under the relevant provisions of the FLSA, an employee is entitled to liquidated damages equal to the amount of compensation the employee is owed for the underlying FLSA violation. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (2003). To avoid this double damages provision, the "employer bears the 'difficult' burden of proving both subjective good faith and objective reasonableness, with double damages being the norm and single damages the exception." *Id.* (internal quotation marks and citations omitted). The rule requires that the employer take "active steps to ascertain the dictates of the FLSA and then act to comply with them." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (9th Cir. 1999).

While, as discussed in the previous sections, Red Robin had some basis to conclude that Topete wasn't misclassified, limiting any finding of a "willful" violation, the Court cannot conclude at this stage that Red Robin has satisfied its "difficult" burden to show that Topete isn't entitled to double damages. *Alvarez*, 339 F.3d at 909. This is particularly true because Red Robin has failed to produce sufficient evidence of any "active steps" it took to ensure that Topete was appropriately classified under the FLSA.

## 5. DISPOSITION

The Court GRANTS in part Red Robin's motion for partial summary judgment. (Dkt. No. 17.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |